IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LILLIE CHOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Valdez |
| v. | ) | |
| | ) | |
| JOHNSON, et al. | ) | 08 C 202 |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, and Mark Friar and Darrel Johnson, by their attorney David N. Selmer, Assistant Corporation Counsel for the City of Chicago, move to dismiss Plaintiff's amended complaint, as follows:

### INTRODUCTION

1. On January 23, 2008, Plaintiff filed an Amended Complaint at Law against the City of Chicago, two named officers, Mark Friar and D.F. Johnson, and unknown defendant officers. Plaintiff collectively refer to the named and unknown officers in her complaint as "DEFENDANT OFFICERS." Plaintiff claims that "some or all of the Defendant Officers" engaged in excessive force and a conspiracy. Plaintiff also alleges a boiler-plate Monell claim against the City.

2. The allegations in Plaintiff's Amended Complaint are the same ones Plaintiff previously pled in Lillie Choyce v. Friar et al., 07 C 1790, a case that this Court dismissed on December 17, 2007. The only differences between the dismissed 2007 complaint and the newly filed 2008 Amended Complaint is that 1) Plaintiff spells her first name differently ("Lillie"

versus Lilly"); and 2) Plaintiff removes all of the names of the "DEFENDANT OFFICERS," except for Friar and Johnson and replaces the names removed with "unknown officers." Nonetheless, the allegations remain the same as the 2007 complaint in that in each and every count she directs her allegations to the collective "DEFENDANT OFFICERS," without alleging any specifics as to which officers she claims did what.

3. The 2007 complaint was dismissed because the "vague allegations in regard to the conspiracy claims [were] insufficient to meet the federal notice pleading standard."[1] For the same reasons, the Court dismissed Plaintiff's claims regarding excessive force by "some or all of the Defendant Officers." Finally, the Court dismissed Plaintiff's Monell claims because Plaintiff failed to provide "sufficient allegations relating to any constitutional deprivations caused by the individual officers"; therefore, "there could be no corresponding Monell claims." Id.

4. In dismissing Plaintiff's 2007 complaint, the Court noted that Plaintiff had been given the opportunity to conduct discovery in order to properly identify the individual officers, she did not allege the names of any specific officers that allegedly threw her to the ground or engaged in a conspiracy.

5. Finally, in dismissing Plaintiff's 2007 complaint without prejudice, the Court provided that Plaintiff could file a "new and timely action and properly name individual officers allegedly involved in the constitutional deprivation."

6. On December 27, 2007, Plaintiff filed a motion for leave to file an amended complaint. The motion was noticed for January 3, 2008. On January 3, the Court denied the motion, holding it was to late to seek leave to amend the complaint, citing to Sigsworth v. City of

---

[1] The Court's December 17, 2007 Order is attached as part of Group Ex. 1.

Aurora, Ill., 487 F.3d 506, 511 (7th Cir. 2007) (citing Paganis v. Blonstein, 3 F.3d 1067, 1072 (7th Cir. 1993).[2]

## PLAINTIFF'S COMPLAINT SHOULD BE BARRED
## UNDER THE DOCTRINE OF *RES JUDICATA*

7.　　Plaintiff's case should be barred under the doctrine of *res judicata* because it raises the same issues that were raised and resolved in Plaintiff's 07 C 1790 litigation. As this Court has noted, the doctrine of res judicata is "utilized by the courts to bar 'relitigation of claims that were or could have been asserted in an earlier proceeding." Trans Helicopter Service v. Jet Support Services, Inc., 2004 WL 2921856 *3 (December 14, 2004)[3], citing D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York, 112 F.3d 257, 259 (7th Cir. 1997).

8.　　There are three required elements for the doctrine of *res judicata*: (1) an identity of the parties or their privies; (2) and identity of the causes of action; and (3) a final judgment on the merits. All these elements exist in Plaintiff's 2007 and 2008 litigation. The same defendants, known and unknown are named; the causes of action are the same and based on the same set of facts. Accordingly, given the Court's January 3, 2008 order, it appears that there was a final judgment on the merits in the 2007 litigation; therefore, Plaintiff's 2008 complaint should be dismissed.[4]

---

[2]The January 3, 2008 Order is attached as part of Group Ex. 1.

[3]This decision is attached as part of Gr. Ex. 2.

[4]Even if there were no final judgment on the merits, Plaintiff's recourse would be to file under the 2007 caption, not file a new case.

**PLAINTIFF'S 2008 COMPLAINT SUFFERS THE SAME DEFICIENCIES AS HER 2007 COMPLAINT; THEREFORE, PLAINTIFF'S 2008 SHOULD BE DISMISSED**

9.　　In the event this Court does not apply the doctrine of res judicata to Plaintiff's 2008 complaint, the 2008 complaint should be dismissed because it contains the same vague allegations against "some or all of the Defendant Officers" as the 2007 complaint. Likewise, because Plaintiff failed to provide sufficient allegations relating to any constitutional deprivations caused by the individual officers, as she did in her 2007 litigation, there can no corresponding Monell claims. See paragraph 2 above.

10.　　Further, Plaintiff's Monell claims (Plaintiff's Complaint, §11 and sub-parts a-o), fail to establish the existence of a cognizable municipal custom, policy or practice that encompass the wide spectrum of alleged misconduct. See Chaparro v. Powell, et al., (07 C 5277) (January 1, 2008).[5] As in Chaparro, Plaintiff's allegations are so amorphous that they effectively expose a municipality to *respondeat superior* liability. Examples of these amorphous allegations are:

> It is the custom, practice and/or policy of police officers, their supervisors, agents or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions in connection with excessive force and other acts of misconduct:
>
> a.　　generate false documentation to cover-up for the misconduct of fellow police officers; . . .
>
> j.　　fail to provide adequate sanctions or discipline to officers who falsity police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in behavior which violates the rules, polices and/or procedures of the CITY OF CHICAGO Police Department; . . .

---

[5] The order and decision is attached as part of Group Ex. 2.

   m.  fail to properly investigate officers who use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior . . . .

  11. Plaintiff fails to allege a direct causal link between any municipal custom, policy or practice to his injury. Instead, he asserts, as Judge Conlon noted in Chaparro, a "general lawlessness among CPD officers caused the violations surrounding his arrest," which is not sufficient under notice pleading rules.

  12. Plaintiff's complaint fails to provide factual support for its claims and instead alleges merely "labels and conclusions" that are insufficient to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Accordingly, like Plaintiff's 07 complaint, and the complaint in Chaparro, Plaintiff's 2008 complaint should be dismissed.

  **WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's complaint with prejudice under the doctrine of *res judicata*. In the alternative, Plaintiff's complaint should be dismissed for failure to state a claim.

**DATED:  APRIL 4, 2008**

                    Respectfully submitted,

                    MARA S. GEORGES
                    Corporation Counsel

By:    /s/ Diane S. Cohen
         Diane S. Cohen
         Rita Moran
         Assistants Corporation Counsel

30 N. La Salle, Ste. 1020
Chicago, Illinois 60602
(312) 744-2836/2-9866

                    Respectfully submitted,

                    /s/ David N. Selmer
                    David N. Selmer
                    Assistant Corporation Counsel
                    Attorney for Defendants Friar and Johnson

30 N. La Salle, Ste. 1400
Chicago, Illinois 60602
(312) 744-6905

**CERTIFICATE OF SERVICE**

I, Diane Cohen, an attorney, hereby certify that pursuant to Local Rule 5.9, in accordance with the U.S. District Court for the Northern District of Illinois, Eastern Division's General Order on Electronic Case Filing, Defendant s' Joint Motion to Dismiss, April 4, 2008, to:

>Blake Horwitz
>155 N. Michigan Ave., Ste. 723
>Chicago, IL 60601

By: /s/Diane Cohen
DIANE COHEN