## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1790 | **DATE** | 12/17/2007 |
| **CASE TITLE** | Lily Choyce vs. City Of Chicago | | |

### DOCKET ENTRY TEXT

For the reasons sated below, the instant action is hereby dismissed without prejudice for Plaintiff to file a new and timely action and properly name individual officers allegedly involved in the alleged constitutional deprivation. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■ [ For further details see text below.]    Docketing to mail notices.

### STATEMENT

On May 31, 2007, and on subsequent dates we gave Plaintiff Lillie Choyce ("Choyce") time to conduct discovery to determine the names of the unknown officers that Choyce listed as Defendants in her original complaint. We also gave Choyce time to file an amended complaint, properly naming the specific Defendant officers. Although Choyce was allowed to conduct discovery to identify the proper Defendant officers, Choyce's amended complaint is vague and fails to identify specific officers involved in the alleged constitutional deprivations against her.

Choyce alleges in her amended complaint that on September 9, 2006, she was "thrown down to the ground by one or more of the DEFENDANT OFFICERS." (A. Compl. Par. 4). However, despite the fact that Choyce has been given the opportunity to conduct discovery in order to properly identify the individual officers, Choyce does not allege the names of any specific officers that allegedly threw her to the ground. Instead, Choyce alleges vaguely and generally that she was thrown to the ground "by one or more of the DEFENDANT OFFICERS." (A. Compl. Par. 4). In addition to not identifying which officers allegedly threw Choyce to the ground, Choyce has not even named which Defendant officers were at the scene and who were connected with her alleged constitutional deprivations. It is apparent from the large number of

**EXHIBIT**
Gr. Ex. 1

| STATEMENT |
|---|

officers named as Defendants in the amended complaint that instead of naming the officers that Choyce believes have violated her constitutional rights, Choyce has named twenty seven officers and has asserted that they were all members of a conspiracy against Choyce. Choyce provides no factual allegations showing how all twenty seven Defendant officers were part of a conspiracy perpetrated against her. The vague allegations in regard to the conspiracy claims are insufficient to meet the federal notice pleading standard and we dismiss the conspiracy claims. See *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(stating that a plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" and, "if they do not, the plaintiff pleads itself out of court")(quoting in part *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007)).

In regard to the individual claims brought against Defendant officers, the allegation by Choyce that "one or more" of the twenty seven officers named as Defendants threw Choyce to the ground does not provide Defendants with sufficient notice of the claims brought against them. (A. Compl. Par. 4); *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)(stating that "[t]aking *Erickson* and *Twombly* together, [the Court] understands the [U.S. Supreme Court] to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8"). Choyce alleges only that she was thrown to the ground once, (A. Compl. Par. 4), and it is apparent that Choyce is not claiming that all twenty seven officers threw her to the ground at once. Thus, Choyce has failed to provide sufficient allegations to state a claim against the twenty seven named individual officers in this case. We have given Choyce an opportunity to conduct discovery and to properly name individual officers and Choyce has failed to do so, opting instead to sue twenty seven officers without identifying their involvement. To require all such officers to participate in this action, without justification, would be unfair to the individual officers, who were not involved in the alleged constitutional deprivation. In addition, to allow this action to continue in the present posture would be an inefficient use of the officers' and this court's time and resources. Therefore, we dismiss the claims brought against the twenty seven named individual officers. Finally, since Choyce has not provided sufficient allegations relating to any constitutional deprivations caused by individual officers, there

| STATEMENT |
|---|
| can be no corresponding *Monell* claims and we dismiss the *Monell* claims as well. This action is dismissed without prejudice for Choyce to file a new and timely action and properly name individual officers allegedly involved in the alleged constitutional deprivation. |

Order Form (01/2005)

Case 1:07-cv-01790  Document 71  Filed 01/03/2008  Page 1 of 1
Case 1:08-cv-00202  Document 19-2  Filed 04/04/2008  Page 4 of 4

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1790 | **DATE** | 1/3/2008 |
| **CASE TITLE** | Lily Choyce vs. City Of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

This matter is before the court on Plaintiff's motion for leave to amend the complaint [69]. This action was dismissed on December 17, 2007, without prejudice. It is thus too late to seek leave to amend the complaint in this action. *See Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511 (7th Cir. 2007)(citing *Paganis v. Blonstein*, 3 F.3d 1067, 1072 (7th Cir. 1993)). Therefore, we deny the motion for leave to amend the complaint [69].

Docketing to mail notices.

| | Courtroom Deputy Initials: | maw |
|---|---|---|