### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LILLIE CHOYCE, | |
| Plaintiff, | |
| | No. 08-C-202 |
| v. | |
| | JUDGE DER-YEGHIAYAN |
| OFFICER MARK L. FRIAR (NO. 11654), OFFICER D. F. JOHNSON (NO. 7129), UNKNOWN OFFICERS, and the CITY OF CHICAGO, | MAGISTRATE JUDGE VALDEZ |
| Defendants. | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Now Comes the Plaintiff, by and through her attorneys, Horwitz, Richardson & Baker, LLC, and in response to Defendants' Motion to Dismiss states as follows.

### INTRODUCTION

This is a re-filed §1983 police misconduct action arising from a September 9, 2006 incident during which two or more Chicago Police officers threw Plaintiff to the ground causing her serious injury. The first filing in this case was dismissed by this Court without prejudice due to Plaintiff's counsel inability to identify the police officers responsible for violating Plaintiff's constitutional rights. This Court additionally dismissed Plaintiff's *Monell* allegations since the issue was moot once the individual officers were dismissed.

On April 4, 2008, Defendants moved to dismiss the re-filed action on the grounds of Res Judicata and vagueness. For the reasons set forth below, Defendants' motion to dismiss should be denied.

## RES JUDICATA

As this Court has stated, the required elements for the doctrine of *Res Judicata* to apply are: (1) final judgment, (2) identity of the cause of action, and (3) identities of parties or privies in the suits. *Ahr v. Commonwealth Edison Co*.  2004 WL 1381040, (N.D.Ill.,2004) citing *Hawxhurst v. Pettibone Corp.,* 40 F.3d 175, 180 (7th Cir.1994).

Plaintiff freely admits identity of the cause of action and identity of some of the parties in the 2007 action and the instant case. However, the prior case 07-cv-1790, was dismissed <u>without</u> prejudice and therefore there was no final judgment.[1]  It is well settled law that dismissal without prejudice is not judgment on the merits, and thus *res judicata* does not apply.  Prior dismissal of § 1983 claim against police officer and police department was not final judgment on merits, and thus, was not *res judicata* with respect to re-filed complaint based on same claims. *Smith v. Mercer*  2008 WL 508643 (C.A.11 (Ga.),2008)

## PLAINTIFF'S COMPLAINT CONTAINS SPECIFIC ALLEGATIONS THAT CAUSED HER CONSTITUTIONAL DEPRIVATION

This Court dismissed Plaintiff's initial Complaint because Plaintiff did not specify which officers threw her to the ground injuring her.  Defendant now claims the instant complaint is similarly vague and must be dismissed.  Plaintiff has identified two specific officers believed to have directly caused her injuries and the date the injuries occurred. This is more than enough information to allow Defendants to answer the complaint.

Plaintiff's Complaint provides nine paragraphs outlining the actions of the Defendant Officers that form the basis of Plaintiff's claims. In those paragraphs Plaintiff

---

[1] Interestingly, Defendants claim that even had if there were no final order dismissing the 2007 action, Plaintiff's recourse would be to file another complaint under the 2007 case number.  (Docket 19, footnote 4) Yet, Defendants attach this Court's order of 12/17/2007 denying Plaintiff leave to file a new complaint under 07-cv-1970.

details that on September 9, 2006 the Defendant Officers threw Plaintiff to the ground
causing injury. The Complaint further alleges that Plaintiff had not committed any
criminal activity that would justify the use of force. Plaintiff alleges that the actions of the
Defendant Officers constituted an excessive amount of force, caused her injury, and
violated their rights as guaranteed under the Fourth Amendment of the United States
Constitution. These facts provide ample notice to Defendants of Plaintiff's claims and
meet the requirements of notice pleading required by Federal Rules of Civil
Procedure 12(b)(6).[2]

Clearly, Plaintiff has articulated sufficient allegations to put Defendants on notice
and therefore Defendants' Motion to Dismiss must be denied.

### *MONELL*

This Court dismissed Plaintiff's prior *Monell* claims because she had "not
provided sufficient allegations relating to any constitutional deprivations caused by the
individual officers, [therefore] there can be no corresponding *Monell* claims… ." *Choyce
v. City of Chicago*, 07-cv-1970 (Docket 41, Page 2,3)  In the instant case, Plaintiff has
pled sufficient facts to state a claim against the Defendant Officers and thus the *Monell*
claim was no longer properly alleged.

Defendant additionally argues that Plaintiff's *Monell* claim is "amorphous" and
fails to show a direct causal link to Plaintiff's injury.  This is incorrect.  The Seventh
Circuit applies a three-factor test in analyzing § 1983 municipal liability claims.
Plaintiffs must allege one of the following:

---

[2] "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the
claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "Plaintiffs in a §
1983 case against a municipality are required to comply only with the conventional standards of notice
pleading; they are not required to meet any heightened pleading standard." *Sledd v. Lindsay*, 102 F.3d 282,
288 (7th Cir. 1996). Under this notice pleading standard, plaintiff need not plead facts or legal theories.
*Hefferman v. Bass*, 467 F .3d 596, 599 (7th Cir. 2006) (citing cases).

> 1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiffs constitutional injury was caused by a person with final policymaking authority.

*McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000); *see also, Johnson v. City of Joliet,* 2006 WL 1793574, *4 (N.D. Ill. June 27, 2006). Furthermore, Plaintiffs are not required to plead in great detail; they only "must plead some fact or facts tending to support [their] allegation that a municipal policy exists that could have caused [their] injury." *Strauss v. City of Chicago,* 760 F.2d 765, 769 (7th Cir. 1985).

The facts referenced *infra,* excerpted from Plaintiff's complaint, show that she has alleged facts far beyond what is required by the Federal Rules of Civil Procedure. Plaintiff alleges that well-settled City practices, namely a "code of silence" and a failure to investigate, monitor and/or discipline incidents of police misconduct, caused the Defendant Officers to, *inter alia*, believe that they could use excessive force and engage in other acts of misconduct without repercussions. (Amended Complaint, Paragrapgh 11-13) Plaintiff's burden at this stage is simply to allege facts that would give the City notice of their municipal liability claim. *McCormick,* 230 F.3d at 326. She has done that and more with over fifteen paragraphs and subparagraphs describing the "code of silence" and the custom and practice of failing to investigate, monitor, and/or discipline incidents of police misconduct that exist. Thus, abundant factual support has been pled for Plaintiff's *Monell* claim and Defendants' motion should be denied.

## ALTERNATIVELY, PLAINTIFF SHOULD BE ALLOWED TO AMENDHER COMPLAINT.

For all the reasons argued above, Plaintiff has sufficiently pled her claims to defeat Defendants' Motion to Dismiss. However, in the alternative, if this Court disagrees, Plaintiff requests leave to amend her Complaint, pursuant to FRCP Rule 15(a), to do the following: (1) to further articulate, if necessary, the causal nexus between the customs and practices of the City and the constitutional violations of Plaintiff for the *Monell* claim, (2) to amend any other aspect of Plaintiff's complaint deemed deficient by this Court. *See* Fed.R.Civ.P. 15(a) (leave to amend a pleading shall be "freely given when justice so requires."); *see also, U.S. v. Hougam,* 364 U.S. 310, 316-17 (1960).

**WHEREFORE,** for the forgoing reasons, Plaintiff prays that this Court deny Defendants' Motion to Dismiss.


Respectfully submitted,


/s/Abbas Merchant

HORWITZ, RICHARDSON & BAKER, LLC
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 676-2100