IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LILLIE CHOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Valdez |
| v. | ) | |
| | ) | |
| JOHNSON, et al. | ) | 08 C 202 |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT REPLY IN FURTHER SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, and Mark Friar and Darrel Johnson, by their attorney David N. Selmer, Assistant Corporation Counsel for the City of Chicago, reply in further support of their motion to dismiss Plaintiff's amended complaint, as follows:

1. **RES JUDICATA IS DISPOSITIVE - PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**

Plaintiff's case should be barred under the doctrine of res judicata because it raises the same issues that were raised and resolved in Plaintiff's 07 C 1790 litigation, as Plaintiff "freely admits" in her response to Plaintiff's motion. (Plaintiff's Response, p. 2) No refiling of the case can cure the effect of *res judicata*, not an amended 2007 complaint nor an amended 2008 complaint. Accordingly, as set forth in Defendants' motion, Plaintiff's amended complaint should be dismissed with prejudice.

2. **NOTWITHSTANDING RES JUDICATA, PLAINTIFF'S 2008 AMENDED COMPLAINT SUFFERS FROM THE SAME FATAL FLAWS AS HER DISMISSED 2007 COMPLAINT**

In her response brief, Plaintiff devotes one sentence to explaining her version of why her

2007 case – <u>Lillie Choyce v. Friar et al.</u>, 07 C 1790 – was dismissed: "The first filing in this case was dismissed without prejudice due to Plaintiff's inability to identify the police officers . . . ." What she omits from her version is that her case was dismissed because she declined every chance to try to identify the police officers. <u>See</u> this Court's Order dated December 17, 2007, attached to Defendants' Motion as part of Group Exhibit 1.

Plaintiff further claims in her response that while her previous (2007) complaint was dismissed "because Plaintiff did not specify which officers threw her to the ground injuring her," in her 2008 amended complaint, she now "identified two specific officers believed to have directly caused her injuries . . . ." In fact (and as Defendants stated in their motion), the only difference[1] between Plaintiff's 2008 amended complaint and her 2007 complaint is that she removed all of the names of the "DEFENDANT OFFICERS" in her 2008 complaint, except for Friar and Johnson, and then replaced the formerly named officers with "unknown officers." But this is a distinction without a difference because Plaintiff's allegations remain the same in that she directs each and every count to the collective "DEFENDANT OFFICERS," which she defines as including Friar, Johnson and all of the unknown officers, without alleging any specifics as to which officers did what. Accordingly, Plaintiff's 2008 amended complaint is in effect identical to her 2007 complaint; therefore, it should be dismissed.

3.  **PLAINTIFF'S MONELL CLAIM SHOULD BE DISMISSED**

Because Plaintiff failed to provide sufficient allegations relating to any constitutional deprivations caused by the individual officers in her 2008 amended complaint, as she failed to do in her 2007 litigation, there can no corresponding <u>Monell</u> claims. <u>See</u> Defendants' Motion to

---

[1] Other than spelling her name differently in the caption of each case ("Lillie" v. "Lilly").

Dismiss, paragraph 2.  Moreover, as set forth in Defendants' Motion to Dismiss, ¶¶10-12, Plaintiff's Monell claims (Plaintiff's Complaint, §11 and sub-parts a-o), fail to establish the existence of a cognizable municipal custom, policy or practice that encompass the wide spectrum of alleged misconduct.

  **WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's complaint with prejudice under the doctrine of *res judicata*.  In the alternative, Plaintiff's complaint should be dismissed for failure to state a claim.

**DATED:  APRIL 30, 2008**

                Respectfully submitted,

                MARA S. GEORGES
                Corporation Counsel

          By: /s/ Diane S. Cohen
             Diane S. Cohen
             Rita Moran
             Assistants Corporation Counsel

30 N. La Salle, Ste. 1020
Chicago, Illinois 60602
(312) 744-2836/2-9866

                Respectfully submitted,

                /s/ David N. Selmer
                David N. Selmer
                Assistant Corporation Counsel
                Attorney for Defendants Friar and Johnson

30 N. La Salle, Ste. 1400
Chicago, Illinois 60602
(312) 744-6905

**CERTIFICATE OF SERVICE**

I, Diane Cohen, an attorney, hereby certify that pursuant to Local Rule 5.9, in accordance with the U.S. District Court for the Northern District of Illinois, Eastern Division's General Order on Electronic Case Filing, Defendant s' Joint Reply in Further Support of Their Motion to Dismiss, April 30, 2008, to:

> Blake Horwitz
> Abbas Merchant
> Horwitz, Richardson & Baker, LLC
> 20 S. Clark, Ste. 500
> Chicago, IL 60603

By: /s/Diane Cohen
DIANE COHEN