# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIE CHOYCE,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER MARK L. FRIAR (NO. 11654),<br>OFFICER D. F. JOHNSON (NO. 7129), and<br>the CITY OF CHICAGO,<br><br>    Defendants. | No. 08-C-202<br><br>JUDGE DER-YEGHIAYAN<br><br>MAGISTRATE JUDGE VALDEZ |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER MARK L. FRIAR (NO. 11654), OFFICER D. F. JOHNSON (NO. 7129), and (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO:

## JURISDICTION

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.   Plaintiff, LILLIE CHOYCE is a resident of the State of Illinois and a citizen of the United States.

3.   The DEFENDANT OFFICERS were at all times relevant hereto officers of the CITY OF CHICAGO.

1

## **FACTS**

4. On or about September 9, 2006 at approximately between the hours of 5:00 p.m. and 9:00 p.m., some or all of the DEFENDANT OFFICERS committed violent acts against the Plaintiff. Plaintiff was present at the scene of an altercation in the approximate vicinity of the 6600 Block of South Rhodes, Chicago, Illinois in which she was not involved.

5. More than 20 Chicago Police Officers responded to the scene of the altercation.

6. Plaintiff was thrown to the ground from behind by one or more of the DFENDANT OFFICERS.

7. Plaintiff sustained injuries to, *inter alia,* her knee.

8. Plaintiff was unable to see the officer(s) who threw her to the ground.

9. At or about the time Plaintiff was injured, her son, Cedric Choyce, was arrested. Cedric Choyce is not a party to this lawsuit.

10. Plaintiff was not charged with criminal activity in connection with this incident.

11. The conduct of the DEFENDANT OFFICERS constituted an unreasonable seizure of the Plaintiff in violation of the Fourth Amendment to the United States Constitution.

12. On or about September 9, 2006, the Plaintiff did not obstruct justice, resist arrest, batter and/or assault any of the DEFENDANT OFFICERS.

13. The use of force initiated by some or all of the DEFENDANT OFFICERS and the failure to intervene in the use of said force by some or all of the DEFENDANT OFFICERS, caused an excessive amount of force to be inflicted onto the body of the Plaintiff. Said force was unreasonable and unnecessary.

14. As a direct and proximate result of one or more of the aforesaid acts or omissions of some or all of the DEFENDANT OFFICERS, Plaintiff was caused to suffer serious personal

injury as well as emotional and physical pain and suffering at the time of the incident, which continues now and will continue into the future.

15. On or about September 9, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and duly appointed and were sworn police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

16. Also, some or all of the DEFENDANT OFFICERS conspired to injure the Plaintiff by:

   a. collectively using excessive force and/or failing to intervene in the use of excessive force against the Plaintiff;

   b. agreeing not to report each other after witnessing Plaintiff being abused;

   c. generating false documentation to cover-up for their own and each other's misconduct and allege false justification for the excessive use of force.

17. In connection with the above conspiracy, some or all of the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiff's arrest, whereby some or all of the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, some or all of the DEFENDANT OFFICERS by and through their conduct, proximately caused the Plaintiff to, *inter alia*, be physically injured and incur financial loss, including hospitalization expenses as well as suffer emotional damage.

18. It is the custom, practice and/or policy of police officers, their supervisors, agents or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions in connection with excessive force and other acts of misconduct:

3

a. generate false documentation to cover-up for the misconduct of fellow police officers;

b. engage in acts of excessive force with innocent civilians;

c. fail to properly discipline officers from said police department who have committed acts of excessive force upon another;

d. fail to properly investigate a complaint of excessive force perpetrated by a CITY OF CHICAGO police officer upon another;

e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of excessive force has been committed by said officer upon another;

f. allow misconduct to occur in various types and levels of severity such that police officers believe that they can engage in serious acts of violence without repercussions and/or significant repercussions;

g. fail to provide adequate sanctions or discipline to officers who use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h. fail to provide adequate sanctions or discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in illegal behavior (e.g. excessive force);

i. fail to provide adequate sanctions or discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO Police Department;

j. fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO Police Department;

k. fail to take proper remedial measures to prevent and/or deal with officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in illegal behavior (e.g. excessive force);

    l. fail to take proper remedial measures to prevent and/or deal with officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO Police Department;

    m. fail to properly investigate officers who use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

    n. fail to take proper remedial action with officers who use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

    o. fail to provide proper training to prevent officers from falsifying police reports, using excessive force, and violating the rules, policies and procedures of the CITY OF CHICAGO Police Department.

19.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO Police Department, which permits misconduct to re-occur.

20.     A code of silence exists, between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets regarding police officer misconduct.

21.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein.  At all times material to this

Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## COUNT I
### §1983 Excessive Force

22. Plaintiff re-alleges paragraphs 1 – 14 as though fully set forth herein.

23. The actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the Plaintiff. This conduct violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

24. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS. Plaintiff also demands punitive damages, costs and attorney's fees against said Defendants. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### § 1983 Conspiracy Claim

25. Plaintiff re-alleges paragraphs 1 – 14 as though fully set forth herein.

26. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### *Monell*

27. Plaintiff re-alleges paragraphs 1 – 14 as though fully set forth herein.

WHEREFORE, Plaintiff demands compensatory damages against the CITY OF CHICAGO, costs and attorney's fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

28. Plaintiff re-alleges paragraphs 1 – 14 as though fully set forth herein.

29. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

30. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF CHICAGO.

WHEREFORE, should DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay them any judgment obtained against said DEFENDANT OFFICERS as a result of this Complaint.

**Plaintiff demands trial by jury.**

       Respectfully submitted,

       s/ Blake Horwitz_____
       Attorney for the Plaintiff
       Blake Horwitz

Horwitz, Richardson & Baker LLC
20 S Clark St Suite 500
Chicago, Illinois  60603
T: 312-676-2100