# EXHIBIT V

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LILY CHOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 1790 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| OFFICER MARK L. FRIAR (NO. 11654), | ) | |
| OFFICER D. F. JOHNSON (NO. 7129), | ) | |
| OFFICER STACEY COOPER (NO. 5193), | ) | |
| OFFICER PATRICE PATTON (NO. 10440), | ) | |
| OFFICER ELLIS ANDERSON (NO. 19526), | ) | |
| TITUS MOORE (NO. 14480), ANA | ) | |
| VALERIANO (NO. 15485), MARCOS PEREZ | ) | |
| (NO. 14322), ONEAL PAYNE (NO. 17688), | ) | |
| DEMEKA STRICKLAND (NO. 6690), | ) | |
| MICHAEL ROBERTS (NO. 9339), MICHAEL | ) | |
| RULE (NO. 6463), MICHAEL RUCKER | ) | |
| (NO. 18382), APRIL SHERPETIS (NO. 12077), | ) | |
| BRIAN GASTON (NO. 19030), PHILONIES | ) | |
| MCCRAY (NO. 13590), ROBERT GOODE | ) | |
| (NO. 2242), MARK YELVERTON (NO. 16022), | ) | |
| TANYSHIA PARLOR (NO. 19326), DAVID | ) | |
| LEE (NO. 14578), KEVYN LOTT (NO. 11296), | ) | Jury Demand |
| CAROLYN KUBIAK (NO. 17391), JOHN | ) | |
| BELUSO (NO. 19997), MARK NOTTOLI | ) | |
| (NO. 988), BRYAN FORD (NO. 17039), | ) | |
| TREMAYNE HALL (NO. 5575), CYNTHIA | ) | |
| MODESTE (NO. 19413), and the CITY OF | ) | |
| CHICAGO, | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel

for the City of Chicago, answers the Amended Complaint and states:

**JURISDICTION**

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act,

1

42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** The City admits that this Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a). The City denies, however, that the United States Constitution provide plaintiff with a direct cause of action.

## PARTIES

2. Plaintiff, LILLIE CHOYCE is a resident of the State of Illinois and a citizen of the United States.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

3. The DEFENDANT OFFICERS were at all times relevant hereto officers of the CITY OF CHICAGO.

**ANSWER:** The City admits that the defendant officers were Chicago police officers at all times relevant to the amended complaint.

## FACTS

4. On or about September 9, 2006, some or all of the DEFENDANT OFFICERS committed violent acts against the Plaintiff. Plaintiff was present at the scene of an altercation in which she was not involved when she was thrown down to the ground by one or more of the DEFENDANT OFFICERS. Plaintiff sustained injuries. This conduct constituted an unreasonable seizure of the Plaintiff in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

5. On or about September 9, 2006, the Plaintiff did not obstruct justice, resist arrest, batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

6. The use of force initiated by some or all of the DEFENDANT OFFICERS and the failure to intervene in the use of said force by some or all of the DEFENDANT OFFICERS, caused an excessive amount of force to be inflicted onto the body of the Plaintiff. Said force was unreasonable and unnecessary.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

7. As a direct and proximate result of one or more of the aforesaid acts or omissions of some or all of the DEFENDANT OFFICERS, Plaintiff was caused to suffer serious personal injury as well as emotional and physical pain and suffering at the time of the incident, which continues now and will continue into the future.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

8. On or about September 9, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and duly appointed and were sworn police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

**ANSWER:** The City admits that the defendant officers were Chicago police officers acting within the scope of their employment at all times relevant to the amended complaint. The City further admits that plaintiff purports to sue the defendant officers in their individual capacities. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

9. Also, some or all of the DEFENDANT OFFICERS conspired to injure the Plaintiff by:

    a. collectively using excessive force and/or failing to intervene in the use of excessive force against the Plaintiff;

    b. agreeing not to report each other after witnessing Plaintiff being abused;

    c. generating false documentation to cover-up for their own and each other's misconduct and allege false justification for the excessive use of force.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

10. In connection with the above conspiracy, some or all of the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiff's arrest, whereby some or all of the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, some or all of the DEFENDANT OFFICERS by and through their conduct, proximately caused the Plaintiff to, *inter alia,* be physically injured and incur financial loss, including hospitalization expenses as well as suffer emotional damage.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

11. It is the custom, practice and/or policy of police officers, their supervisors, agents or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions in connection with excessive force and other acts of misconduct:

   a. generate false documentation to cover-up for the misconduct of fellow police officers;

   b. engage in acts of excessive force with innocent civilians;

   c. fail to properly discipline officers from said police department who have committed acts of excessive force upon another;

   d. fail to properly investigate a complaint of excessive force perpetrated by a CITY OF CHICAGO police officer upon another;

   e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of excessive force has been committed by said officer upon another;

   f. allow misconduct to occur in various types and levels of severity such that police officers believe that they can engage in serious acts of violence without repercussions and/or significant repercussions;

   g. fail to provide adequate sanctions or discipline to officers who use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.  fail to provide adequate sanctions or discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in illegal behavior (e.g. excessive force);

I.  fail to provide adequate sanctions or discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO Police Department;

j.  fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO Police Department;

k.  fail to take proper remedial measures to prevent and/or deal with officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in illegal behavior (e.g. excessive force);

l.  fail to take proper remedial measures to prevent and/or deal with officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence without being disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO Police Department;

m. fail to properly investigate officers who use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

n.  fail to take proper remedial action with officers who use excessive force upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

o.  fail to provide proper training to prevent officers from falsifying police reports, using excessive force, and violating the rules, policies and procedures of the CITY OF CHICAGO Police Department.

**ANSWER:**   The City denies each and every allegation of this paragraph.

12.     This practice and/or custom, as alleged above, has gone unchecked and

been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO Police Department, which permits misconduct to re-occur.

**ANSWER:** The City denies that a "practice and/or custom" exists as alleged by plaintiff in this paragraph. The City further denies the remaining allegations of this paragraph.

13. A code of silence exists, between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets regarding police officer misconduct.

**ANSWER:** The City denies the allegations of this paragraph.

14. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** The City admits that it is a municipal corporation. The City further admits that it was the employer of the defendant officers at all times relevant to the amended complaint. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

## COUNT I
### §1983 Excessive Force

15. Plaintiff re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:** The City re-alleges its answers to paragraphs 1 through 14.

16. The actions of some or all of the DEFENDANT OFFICERS amounted to an excessive use of force onto the Plaintiff. This conduct violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

17. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on count I of plaintiff's Amended Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT II
### § 1983 Conspiracy Claim

18. Plaintiff re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:** The City re-alleges its answers to paragraphs 1 through 14.

19. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on count II of plaintiff's Amended Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III
### *Monell*

20. Plaintiff re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:** The City re-alleges its answers to paragraphs 1 through 14.

WHEREFORE, the City prays that this Court enter judgment in its favor on count III of plaintiff's Amended Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT IV
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

21. Plaintiff re-alleges paragraphs 1 - 14 as though fully set forth herein.

**ANSWER:** The City re-alleges its answers to paragraphs 1 through 14.

22. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:** The City admits the allegations of this paragraph.

23. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF CHICAGO.

**ANSWER:** The City admits that the defendant officers were Chicago police officers acting within the scope of their employment at all times relevant to the amended complaint. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's Amended Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## DEFENSES

1. Under state law, the City is not liable to plaintiff if its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109 (1994).

2. Under state law, to the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for

8

his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (1994).

3. Under state law, the City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

4. Under state law, neither the City nor a City employee is liable for the failure to provide adequate police protection or service. 745 ILCS 10/4-102.

5. Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

6. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by her negligent, wilful and wanton, and/or other wrongful conduct, or another's conduct to which she acquiesced, any verdict or judgment obtained by the plaintiff must be reduced by application of principles of comparative fault, by an amount commensurate with the degree of negligent, wilful and wanton and/or other wrongful conduct. Furthermore, if such fault of the plaintiff exceeds fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought, the plaintiff is not entitled to damages from any defendant.

7. The City is not liable for any policy, practice or custom that does not cause a constitutional violation. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

8. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees misconduct.

**Jury Demand**

The Defendant, City of Chicago, requests a trial by jury.

                                      Respectfully submitted,

                                      MARA S. GEORGES,
                                      CORPORATION COUNSEL
                                      CITY OF CHICAGO

                        By:    /s/ Glenn Angel
                                GLENN ANGEL
                                Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-6922
Atty No. 6271870