# EXHIBIT  EE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIE CHOYCE, | |
| Plaintiff, | |
| v. | No. 08-C-202 |
| | JUDGE DER-YEGHIAYAN |
| OFFICER MARK L. FRIAR (NO. 11654), OFFICER D. F. JOHNSON (NO. 7129), UNKNOWN OFFICERS, and the CITY OF CHICAGO, | MAGISTRATE JUDGE VALDEZ |
| Defendants. | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES the Plaintiff, by and through her attorneys, HORWITZ, RICHARDSON & BAKER, LLC., and propounds the following Request for Production of Documents to be responded to by each Defendant within thirty days.

**Instructions:**

1.  Where a party seeks to refrain from production by tendering documents directly to Plaintiff's counsel, please send the documents to Aloha Document Service (and/or ask for pick up), located at 55 E. Jackson Blvd., S-310, Chicago, IL  60604, tel: 312-542-1300.  Please do not wait for Plaintiff's counsel to request the copy service for the records; please simply call this service for reproduction.

2.  Where multiple items are requested, for example "documents, video, photographs and audio recordings," Plaintiff is asking for the production of all items of any category which apply.  So, for example, if the responding Defendant only possesses documents and not photographs, then the documents should be produced.  The mere fact that a responding party may possess only one item of the categories requested, does not mean that the responding party can properly refuse to tender a response (albeit partial, rather than complete).

**Definitions:**

"Custom" means routine conduct followed by the officers for the Defendant Municipality.

"Practice" means an act done or performed frequently by the police officers of the Defendant Municipality.

"Policy" means a written plan or course of action intended to influence the conduct of officers for the Defendant Municipality.

"Amount of force" refers to the Use of Force Continuum, Use of Force Model and/or Use of Force Paradigm.  Whatever the terminology used by the Defendant Municipality, it refers to the amount of force that an officer may use under a particular circumstance, given what he or she is confronted with.

"Video" refers to any type of moving picture medium, for example (but not limited to), DVD, VHS, digital video, streaming video, intranet/internet streaming video, film, mini-cassette recordings, electronic capture of images, or digital images.

"Documents" and/or "documentation" refers to any documents that are in paper form and/or electronic form (including computer hard drive, computer back-ups, and/or e-mails).

"Photograph(s)" includes any type of photographic reproduction found on any medium, including, but not limited to, any type of computer hard drive, back-up drive, back-up system, e-mail system, internet and/or intranet system, paper and/or photographic paper, digital camera or other digital medium, mobile telephone, removable hard drive/data source, DVD and/or CD.

> Instructions for reproduction of photographs: If photographs are retained in a computer of the Defendant Municipality or otherwise retained electronically or digitally, please tender the digital photograph, copied at its highest resolution in electronic form (for example, on a CD or DVD).  Usually, a ".bmp" or bitmap format works to copy the digital photograph at its highest resolution.  Further, tender any negatives that may exist of any photographs taken of any individuals (witnesses, Plaintiffs, Defendants) to this cause.

"Abuse of Authority" – refers to the misuse of the power of the office of a police officer. Where a police officer uses his power and/or authority as a police officer to cause an event to occur, this is considered "abuse of authority."

"Identify": Provide the name, address, phone number and social security number of the person requested.


## REQUESTS FOR PRODUCTION OF DOCUMENTS AND/OR THINGS:

1. Any and all statements, signed or unsigned, oral, written or court reported, from any person who claims to have (a) witnessed any interaction the Plaintiff had with any Defendant Officers on the date of the incident described in the complaint; (b) witnessed the occurrence specified in the Plaintiff's Complaint; (c) been present at the scene at the time of, immediately prior to, or subsequent to the occurrence; (d) knowledge of any of the facts of the occurrence specified in the Plaintiff's Complaint; (e) knowledge of any of the injuries

and/or lack thereof relative to the Plaintiff; and/or (f) knowledge of the occurrence specified in Plaintiff's Complaint.

2. All arrest reports, contact cards, weapon discharge reports, incident reports, police reports, event queries, transcripts, attendance sheets, and any other reports, documents and/or statements regarding the incident(s) that are the subject of the complaint, including, but not limited to, documents that identify all persons who had contact with the Plaintiff.

3. All recordings of any type of communication relating to the subjects described in the complaint, including the audio recordings and/or the transcripts of any such transmissions.

4. All 911 communications, radio traffic, PDT transmissions, inter-car computer communications (between police officers) of any parties and/or individuals who made communications regarding the interaction that the Plaintiff had with the Defendant Officers as described in the complaint.

5. The cell phone records of the Defendant Officers on the date of the incident.

6. Any medical records and/or medical bills and/or reports (including documentation by an officer and/or employee of the Defendant Municipality) pertaining to any injuries that were sustained by any officer, including a Defendant Officer, that was involved in the incident alleged in the Complaint.

7. Complete, unedited, and unabridged copies of any and all medical reports of or pertaining to the Plaintiff and/or Defendants and purporting to diagnose, analyze, and/or otherwise evaluate any and all injuries allegedly sustained by the Plaintiffs and/or Defendants in the occurrence specified in Plaintiff's Complaint.  Please also produce a signed HIPAA authorization for each defendant for each medical provider for any and all injuries or illnesses sustained in the occurrence specified in Plaintiff's Complaint.

8. Any and all documentation (see definitions, *supra*[1]), memoranda, or paperwork whatsoever that you have in your possession which has information relating to data, including medical reports, as to the physical or mental condition of the Plaintiff prior and subsequent to the alleged occurrence, including, inter alia, other injuries sustained.

9. Any and all documentation (see definitions, *supra*), memoranda, or paperwork whatsoever relating to the Plaintiff that you have in your possession which has information relating to out-of-pocket expenses or monetary losses suffered by Plaintiff, including, but not limited to, all invoices regarding medical, surgical and hospital services rendered to the Plaintiff.

---

[1] As can be seen, at times, there is a reference to definitions with the use of certain words.  That there is a reference to definitions in some instances and not in others is not intended to mean that the definitions are not applicable to other references found in this request to produce.  The repeat reference to the definitions is merely meant as a reminder so that the respondent does not loose track of the fact that the definitions are being referenced.  So, for example, every time the word documentation and/or documents is written, the definition of that word is being considered, regardless of the existence to the reference to the definition.

10. A list giving the names, addresses and specialties of all expert witnesses (other than non-treating, purely consultant experts who are not to testify at the trial).

11. With regard to all disclosed experts and those not yet disclosed as of the date of receipt of this Request to Produce (hereinafter the expert(s)), please provide the following:

    a. any and all documents (see definitions, *supra)*, memoranda and paperwork whatsoever which provides information relative to:

        i. all monies ever paid by the Defendants to the expert(s);

        ii. all monies ever paid by an entity (e.g. corporation, partnership) wholly or partly owned by the Defendants to the expert(s);

        iii. all monies ever paid by any and all law firms retained by the Defendants to the expert(s);

        iv. all monies ever paid by any and all insurance companies of the Defendants to the expert(s);

        v. the number of times that the experts have been retained by:
            1. the Defendants;
            2. law firms that the Defendants has retained;
            3. any and all insurance companies of the Defendants;
            4. any and all entities (e.g. corporation, partnership) wholly and/or partly owned by the Defendants.

        vi. the number of times the expert(s) have testified within the last 7 years (specify for Plaintiff or Defendants).

        vii. all monies earned from any source for any litigation purposes or for consulting in any manner in any legally contested matter or administrative proceeding (drafting reports for litigation, consulting with attorneys and/litigation staff, reviewing records of any sort, providing litigation assistance, expert testimony, evaluation of documents, tangible items, or individuals, critique of opinions, providing opinion testimony, etc.).

    b. any and all contracts, retainer agreements or agreements of any type whatsoever between the Defendants and the expert(s);

    c. any and all contracts, retainer agreements or agreements of any type whatsoever between any and all insurance companies of the Defendants and the expert(s);

    d. any and all contracts, retainer agreements or agreements of any type whatsoever between an entity wholly or partly owned by the Defendants and the expert(s);

    e. any and all contracts, retainer agreements or agreements of any type whatsoever between law firms retained by the Defendants and the expert(s);

    f. any and all transcripts (from deposition or trial) wherein the expert(s) testified;

    g.  a list of any and all books, papers, memos, and/or articles that the expert has authored.

12. Produce any and all documents (see definitions, *supra)* you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against each officer who appeared at the scene of the occurrence described in the Complaint. *If the Defendant(s) object to production for a particular time period, and/or production as to a particular officer, then tender those documents (see definitions, supra) which relate to a time period for which there is no objection.*

13. Produce any and all types of recordings (*e.g.* video[2], audio) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against each officer who appeared at the scene of the occurrence described in the Complaint. *If the Defendant(s) object to production for a particular time period, and/or production as to a particular officer, then tender those documents (see definitions, supra) which relate to a time period for which there is no objection.*

14. Tender any and all documents (see definitions, *supra)* in the possession of the Defendant Municipality which concerns the procedures by which the Defendant Municipality investigates allegations of misconduct by police officers. The relevant period of time for this request is the five years prior to the dates of the incident at bar. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular officer(s), then tender those documents for which there is no objection.*

15. Tender all documentation (see definitions, *supra)* in the possession of the Defendant Municipality which describes the different categories related to purported acts of misconduct by police officers. For example, a category may be "Excessive Force" or "False Reporting." The relevant period of time for this request is the five years prior to the dates of the incident at bar. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular officer(s), then tender those documents for which there is no objection.*

16. Produce any reports, documents (see definitions, *supra),* memoranda and/or paperwork whatsoever relating to any investigation, internal or otherwise, and/or inquiry that took place subsequent to the occurrence alleged in the Complaint regarding the allegations in the Complaint.

17. Produce any recordings and/or video (see definitions, *supra)* whatsoever relating to any investigation, internal or otherwise, and/or inquiry that took place subsequent to the occurrence alleged in the Complaint regarding the allegations in the Complaint.

---

[2] See definitions.

18. Produce all documents, video, photographs (see definitions, *supra*[3]) and audio recordings of any kind which indicate the amount of force permitted to be used when interacting with a civilian during an arrest and/or a stop of any sort seen/used in study, training, and/or employment by the Defendant Officers.

19. Produce all documents (see definitions, *supra*) which concern any tests (testing) that any of the Defendant Officer(s) took, passed, and/or failed.  The scope for this request is from the time in which the Defendant Officer(s) became enrolled in the academy until the present. Here, the tests and/or testing refers to written tests taken by the officers that were taken while in the academy and/or while the officer has been employed by the police department of the Defendant Municipality.  Plaintiff requests the testing materials as well as the study materials used in preparation for the tests.

20. Tender copies of any video and/or photographs you possess of any Plaintiff, witnesses, officers and/or Defendants to this cause.

21. Tender copies of photographs you possess of any objects involved in the incident alleged in the Complaint (*e.g.* scene photographs, rooms, vehicles etc.).

22. Produce all rules, policies, and procedures, in force on the date of the occurrence alleged in the Complaint, which concern the amount of force permitted to be used when interacting with a civilian during an arrest and/or stop of any sort.

23. Produce all drawings, slides, motion pictures, videotapes, or other photographic reproductions that in any way relate to the subjects, objects and/or individuals described in the Complaint.

24. Produce the personnel files for the officers who appeared at the scene of the occurrence as listed in the Complaint, including a color photograph of the officer(s), any certificates of training and/or scholastic achievement that the officer(s) has secured, any commendations, and/or written criticisms that the officer(s) has obtained in his/her employment as a police officer.   *In this request, Plaintiff(s) is not asking for social security numbers, medical insurance benefits, life insurance benefits and/or personal information of that nature.*

25. Produce all of the written policies that were in effect on the date of the occurrence, as reflected in Plaintiff's Complaint, including all police memoranda, documents, or material distributed, made available for free and/or for purchase, or required to be read by police officers, which concern:

    a. the law of arrest;
    b. use of force in making arrests;
    c. the providing of  medical attention to arrestees and/or inmates;
    d. the inventorying of property of arrestees;
    e. the procedure to be utilized when an officer performs a search of a home and/or a car without a warrant;

---

[3] Also, see instructions for this and all other references to photographs.

     f.  the un-holstering of a weapon while on duty;
     g.  the charging decisions that an officer makes prior to lodging a criminal
         complaint against an arrestee;
     h.  probable cause to arrest;
     i.  booking procedures;
     j.  ticketing procedures.

26. Produce any videos that demonstrate which of the following policies were in effect on the occurrence, as reflected in Plaintiff's Complaint, that were viewed and/or required to be viewed/seen by police officers for the Defendant Municipality, which concern:

     a.  the law of arrest;
     b.  use of force in making arrests;
     c.  the providing of  medical attention to arrestees and/or inmates;
     d.  the inventorying of property of arrestees;
     e.  the procedure to be utilized when an officer performs a search of a home and/or
         a car without a warrant;
     f.  the un-holstering of a weapon while on duty;
     g.  the charging decisions that an officer makes prior to lodging a criminal
         complaint against an arrestee;
     h.  probable cause to arrest;
     i.  booking procedures;
     j.  ticketing procedures.

## MONELL DISCOVERY REQUESTS:

27. Produce any and all types of documents (see definitions, *supra*) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality alleging excessive force.  The relevant period of time for this request is the five years prior to the date of the incident alleged in the Complaint.  *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection.  If Defendant(s) objects to the tender of documentation for a particular officer(s), then tender those documents for which there is no objection.*

28. Produce any and all types of recording (*e.g.* video, audio) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality alleging excessive force.  The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection.   If Defendant(s) objects to the tender of documentation for a particular officer(s), then tender those documents for which there is no objection.*

29. Any and all documentation and/or video regarding the existence of internal administrative procedures designed to prevent and deal with instances of excessive force used by police

officers. The relevant period of time for this request is the five years prior to the dates of the incident alleged in the Complaint. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular officer(s), then tender those documents for which there is no objection.*

30. Produce any and all types of documents (see definitions, *supra*) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging that the officer abused his/her authority. The relevant period of time for this request is the five years prior to the dates of the incident alleged in the Complaint. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular officer(s), then tender those documents for which there is no objection.*

31. Produce any and all types of recording (*e.g.* video, audio) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging that the officer abused his/her authority. The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular officer(s), then tender those documents for which there is no objection.*

32. With regard to the custom, practice, and/or written policy of the police department of the Defendant Municipality, please provide the following:

   a. any documentation which relates to any custom, practice, and/or written policy, that any Defendant Officer(s) deviated from (did not follow) on the date Plaintiff refers to in Plaintiff's Complaint.

   b. any documentation which relates to any custom, practice, and/or written policy that any Defendant Officer(s) followed on the date(s) Plaintiff was taken into custody as indicated in Plaintiff(s)' Complaint.

33. Tender any and all documents, video, photographs and audio recordings which concern situations where police officers for the Defendant Municipality have received a sustained finding pursuant to an internal investigation of the municipality in connection with the use of force when interacting with a civilian. The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint.

34. Tender any and all documents, video, photographs, audio recordings which demonstrate that police officers for the Defendant Municipality use, when interacting with civilians, the amount of force that is reasonably necessary to resolve situations which require the use of force. The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint.

35. Provide a complaint history for each and every defendant officer.

36. Tender any and all documents, video, photographs, audio recordings that concern situations where police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting fellow officers for the commission of a criminal offense(s).  The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint.

37. Tender any and all documents, video, photographs, audio recordings that concern situations where police officers for the Defendant Municipality have received a sustained finding pursuant to an internal investigation of the municipality for not arresting fellow officers for the commission of a criminal offense(s).  The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint.

38. Tender any internal investigations for the Defendant Municipality that demonstrate that police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting and/or reporting that a fellow officer used excessive force.  The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint.

39. Tender any internal investigations for the Defendant Municipality that demonstrate that police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting and/or reporting that a fellow officer that failed to follow a rule, policy, and/or procedure of the Defendant Municipality.  The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint.

40. Tender any and all documents which demonstrate that police officers for the Defendant Municipality follow the use of force continuum for the Defendant Municipality.  The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint.

41. Tender any and all document concerning situations where (and/or also, where it is alleged) police officers for the Defendant Municipality do not follow the Use of Force Continuum for the Defendant Municipality.  The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint.

42. Tender any and all documents which demonstrate that police officers for the Defendant Municipality do not use excessive force when interacting with civilians.  The relevant period of time for this request is five years prior to the date of the incident alleged in the Complaint.

43. With regard to any police officer for the Defendant Municipality, tender the following internal affairs files which relate to the following issues: in connection with the internal affairs investigations to the following categories:  (a) fraud in any capacity, (b) false arrest, (c) excessive force, (d) falsification of police reports, (e) falsification of official documents, (f) falsification of documents used in the course of employment with the Defendant Municipality, (g) failing to intervene in a false arrest, (h) failing to intervene in the use of

excessive force, (i) official misconduct, (j) abuse of authority, (k) extortion, (l) bribery, (m) failure to file a police report, (n) failure to report the misconduct of a fellow officer, (o) any felony charges and/or convictions, (p) any misdemeanor charges and/or convictions (q) sexual charges of any nature (r) use of profanity and/or inappropriate language towards another (s) falsification of documents used in the course of employment with the police department (t) theft; (u) membership in gangs and/or gang activity; (v) consumption of contraband; (w) possession of contraband; (x) failure to report the injuries of an inmate and/or a person in the custody of an officer ; (y) malicious prosecution.

44. Provide a complaint history for each and every officer that worked for the Defendant Municipality within the last 10 years.

45. Regarding any statistics generated by the City of Chicago which concern complaints[4] lodged against police officers for the City of Chicago, provide the name of the database(s) and/or software that is used to (a) store the statistics, (b) input the statistics, (c) generate the statistics, (d) calculate the statistics.  The relevant time period for this request is 20 years prior to the date of the occurrence alleged in the complaint.  Further, please provide this information in its electronic form[5], in the same manner in which it is organized and/or maintained by the City of Chicago – without any modification.

46. Tender all databases, computerized information, electronic information regarding the following complaints[6] relative to:

       a.  the Defendant Officers;
       b.  all officers for the City of Chicago for the last 20 years;
       c.  all officers for the City of Chicago for the last 10 years;
       d.  all officers for the City of Chicago for the last 5 years;
       f.  the complaint histories[7] of all Chicago Police Officers for the last 20 years;
       g.  the complaint histories for all Chicago Police Officers for the last 10 years;
       h.  the complaint histories for all Chicago Police Officers for the last 5 years;

47. Regarding the information tendered to the Plaintiff in *Bond v. City of Chicago*, please tender the following:

       a.  all statistics that were submitted concerning complaints against Chicago Police Officers;
            i.  the name of the software and/ database used to generate this information;
            ii.  the name of the software and/database that was used to input the information;

---

[4] Complaints through IAD, OPS, criminal and/or civil.
[5] Referable to the software, not the hardware (i.e. not the hardrive).
[6] Complaints through IAD, OPS, criminal and/or civil.
[7] Referring to "complaint histories" as that term is used by the City of Chicago Police Department and/or OPS/IAD.

       iii.  the name of the person most knowledgeable relative to how this information was inputted into the software and/or database referenced in (a) i-ii;

    b.  all the electronic data as that data is stored in the computers for the City of Chicago;

    c.  the names of all of the SOS officers from which any of the data is derived;

    d.  the CR files of all of the SOS officers from which the data is derived.

48. Regarding BrainMaker, tender the following:

    a.  All software, databases and information contained therein, used by the City of Chicago;
    b.  All data stored and/or generated by the use of BrainMaker by the City of Chicago;
    c.  The name(s) of the individuals who decided to use BrainMaker;
    d.  The name(s) of the individuals who decided to stop using BrainMaker;
    e.  Any data, documents, electronically stored information, print outs and/or electronic media, developed and/or generated from the use of BrainMaker;
    f.  The name of the 30(b)6 witness that can testify relative to the following:
        i.  BrainMaker's use by the City of Chicago;
       ii.  The termination of the use of BrainMaker by the City of Chicago;
      iii.  The efficacy of using BrainMaker by the City of Chicago;
      iv.  The manner in which BrainMaker can detect officers who are likely to commit rule violations of the City of Chicago.


            Respectfully Submitted,


            _____
            Abbas Merchant, Esq.
            Attorney for the Plaintiff


HORWITZ, RICHARDSON, & BAKER, LLC.
20 S. Clark St., Suite 500
Chicago, IL  60603
Tel:  (312) 676-2100
Fax:  (312) 676-7076

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LILLIE CHOYCE,

     Plaintiff,

     v.

OFFICER MARK L. FRIAR (NO. 11654),
OFFICER D. F. JOHNSON (NO. 7129),
UNKNOWN OFFICERS, and the CITY OF
CHICAGO,

     Defendants.

No. 08-C-202

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE VALDEZ

## INTERROGATORIES TO BE ANSWERED BY THE DEFENDANT OFFICERS

       NOW COMES the Plaintiff, by and through her attorneys, HORWITZ, RICHARDSON & BAKER, LLC., LTD., and propounds the following interrogatories upon each individual Defendant, to be answered fully under oath within thirty days:

**Definitions:**

     "Custom" means a routine conduct followed by the officers for the Defendant Municipality.

     "Practice" means an act done or performed frequently by the police officers of the Defendant Municipality.

     "Policy" means a written plan or course of action intended to influence the conduct of officers for the Defendant Municipality.

     "Amount of force" is frequently referred to as the Use of Force Continuum, Use of Force Model and/or Use of Force Paradigm.  Whatever the terminology, it refers to the amount of force that an officer may use under a particular circumstance, given what he or she is confronted with.

1.  State the name and address of the individuals who had to be consulted for the purpose of answering these interrogatories as well as the Defendant who is answering.

     ANSWER:

2.  State the name, last known address, social security number and last known phone number of each individual who has knowledge of the facts described in the complaint and/or

spoke with and/or interacted Plaintiff, supervised individuals who interacted with Plaintiff and/or has knowledge of the Plaintiff's interaction with any officers on the date alleged in the complaint.

ANSWER:

With regard to the preceding question, please state the following:
    a.  the substance of each discussion, regarding the events described in the Complaint and/or witnessed and/or claims to have witnessed Plaintiff (a) within 24 hours prior to the Defendant Officer(s) having interacted with the Plaintiff; (b) while the Defendant Officer(s) interacted with the Plaintiff; and (c) within 24 hours after the Defendant Officer(s) interacted with the Plaintiff;

    b.  what knowledge do said individual(s) possesses;

    c.  what is the rank and duty of each individual identified;

ANSWER:

3. Specifically identify any and all statements taken regarding the incident alleged in the Complaint. In that connection, please state the date the statement was taken and the name of the interviewer. Identify whether the individual who provided a statement did so under coercion and/or pressure from any person. With regard to the individuals whose statements were taken, identify the name, last known address, social security number and last known phone number of each individual. Pursuant to the Federal Rules of Civil Procedure, please produce these statements. Further, here, statement refers to any communication whatsoever (summary of conversation, written statements, telephonic statements, radio transmissions and/or recordings of any type, concerning the Plaintiff, the Defendants, witnesses, 911 calls, etc.).

ANSWER:

4. Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the occurrence complained of occurred? If the answer to this interrogatory is in the affirmative, state the following:

    (a)    The date or dates of such conversations and/or statements;

    (b)    The place of such conversations and/or statements;

    (c)    All persons present for the conversations and/or statements;

    (d)    The matters and things stated by each person in the conversations and/or statements;

    (e)    Whether the conversation was oral, written and/or recorded; and

(f)        Who has possession of the statement if written and/or recorded.

5.  Please state the criminal history of each and every witness referred to in these interrogatories.  Provide the criminal history of the Plaintiff, if any.  Pursuant to the Federal Rules of Civil Procedure, tender their "RAP" sheet.

    ANSWER:

6.  With regard to Plaintiff's and/or Defendants medical condition, state any and all injuries sustained by the Plaintiff and/or Defendants as a result of the interaction that Plaintiff alleges to have had with the Defendant Officers.  Indicate any post occurrence diminution and/or lack of injuries[8] that the answering Defendants claims to exist relative to the Plaintiff.  Further, identify any and all medical conditions (e.g. diseases, specific diagnosis, congenital anomalies, birth defects) the Plaintiff had prior to September 9, 2006.

    a.  Relative to any of the above medical conditions that the answering Defendant identifies, state the name, last known address, social security number and last known phone number of each and every individual that possesses knowledge relative to this condition, including the name, address and phone number of each expert witness the answering Defendant will call to testify at trial relative to these medical conditions and/or injuries, the specific opinions as to these experts as well as the bases for the opinions.

    b.  If any individual referenced above is a treating physician and/or medical provider that has provided treatment to the Plaintiff and/or Defendants, state the name, last known address and last known phone number of this individual as well as the opinions and bases of the opinions of this medical provider as it relates to the Plaintiff and or Defendants.

    ANSWER:

7.  Identify the name(s) of all officer(s) involved in the detention and use of force against the Plaintiff.

    ANSWER:

8.  Identify the supervisory individual in possession of the personnel file(s) of the officer(s) identified in the answer to Interrogatory No. 7.

    ANSWER:

---

[8] If the Defendant(s) is going to claim that the Plaintiff(s) on any given day, did not appear to be suffering from a medical and/or emotional condition which is proximately caused by the allegations of misconduct alleged in the compliant, Plaintiff(s) requests the name, address and phone number of the individual who will testify in that regard.

9. Describe all educational requirements for appointment as a police officer in the CITY OF CHICAGO. Further identify and describe the training or experience required for appointment as a police officer, and itemize all literature and/or memoranda used at any time for that purpose. Pursuant to the Federal Rules for the Production of Documents, produce any and all documents in your possession in connection with this interrogatory.

ANSWER:

10. State the name, last known phone number, social security number and last known address of any individual who states that they have been forced, coerced and/or pressured to give a statement and/or communication of any kind (sworn or un-sworn) by any individual in this cause. State the names of all individuals who received this information as well as the dates such information was provided. Further, state the name of the individual alleged to have forced, coerced and/or pressured of any of these individuals.

ANSWER:

11. Identify any and all active (meaning, in force on September 9, 2006) documentation, paperwork, memoranda regarding the proper procedure to be utilized by an officer of the Defendant Municipality in connection with the use of force against another, including proper use of force concerning detaining an individual, and general detaining an individual procedures. Further, provide the same information for individuals who have not committed a crime and/or are not under suspicion of a crime. If the Defendants are going to tender documents in connection with this interrogatory, please identify the documents so that there is no confusion as to what has been produced.

ANSWER:

12. For each individual identified in Defendants' Rule 26(a) Disclosures[9], Category A, or required to be disclosed pursuant to F.R.C.P. 26(a), provide a summary of the discoverable information known by such person and provide the following:

    a.    if interviewed in connection with this case, the date of the interview;
    b.    the name and address of the person who conducted the interview;
    c.    whether a statement as defined by Rule 26(b)(3) was obtained in connection with this case.

ANSWER:

13. With regard to the custom, practice and/or written policy of the police department of the Defendant Municipality, please provide the following:

---

[9] If Defendant(s) have not complied with Rule 26, please comply, or alternatively, if this case is pending before a judge and/or jurisdiction where compliance is not obliged, then please provide an answer in this connection pursuant to the Federal Rules of Civil Procedure.

    a.  Identify the name of any Defendant Officer who on September 9, 2006 deviated from the custom and/or practice and/or policy of the police department of the Defendant Municipality, while said officer touched the body of the Plaintiff.  By way of clarification, the custom, practice and policy referred to is that which relates to the use of force that an officer uses on an arrestee[10].  Identify the specific act(s) that the officer engaged in that was inconsistent with said custom, practice and/or written policy of said police department.  Identify the custom, practice and/or written policy that the Defendant Officer deviated from (did not follow) on September 9, 2006.

    b.  Identify the 30(b)(6) witness who is most knowledgeable of the custom and/or practice and/or written policy that any Defendant Officer followed and/or did not follow on September 9, 2006, while the officer interacted with and/or had a physical altercation with the Plaintiff on September 9, 2006, as well as the 30(b)(6) witness most knowledgeable as to the custom, practice and written policy of the 714 as same relates to the use of force  that police officers are to effectuate upon people in their custody or civilians.

    c.  Identify the custom, practice and written policy that the Defendant Officer(s) followed on September 9, 2006 while the officer(s) interacted with the Plaintiff on September 9, 2006.

ANSWER:

14. Identify and/or describe any changes (within the last 5 years) that have been made relative to the custom, practice and/or policy concerning the nature and/or amount of force an officer is to use to effectuate and arrest and/or place an individual into custody. Indicate the date of any changes and/or modifications, the nature of the modifications and the name(s) of the senior supervisory officers/individuals who participated in the generation of the modifications.

ANSWER:

## **EXPERT WITNESS INTERROGATORIES[11] (Numbers 15 and 16)**

15. State whether this expert witness has served as an expert witness in litigation, legally contested, or administrative proceeding previously, whether as a consultant or testifying expert and/or expert witness.  If so, please state:

    a.  how many times this expert witness has served as a consultant, how many of the consults were for defendants, the name of each attorney and/or law firm for which this expert witness has consulted for this defendants attorney and/or law firm in the past five years;

---

[10] The use of force in this context can be for purposes of self-defense, arrest, gaining control of the arrestee.
[11] Only needs to be answered if the answering Defendant has retained an expert.

b.  how many times this expert witness has served as a testifying expert witness and/or expert either at a deposition or trial, in what capacity, e.g., for the plaintiffs, for the defendants or as a treating physician, the name of each attorney or law firm for which this expert witness has testified for this Defendant's attorney and/or law firm in the past five years;

c.  Number of times the answering Defendant and/or the law firm of the answering Defendant has retained this expert witness.

ANSWER:

16.  State the annual income earned by this expert witness for services as an expert witness and/or consultant for the past five years, identify each year specifically, e.g. 1991 - $30,000.00; 1990 - $30.000.00, etc. as well as the income earned by this expert for services as an expert and/or consultant paid directly by the law firm of the answering Defendant

ANSWER:

17.  Please provide the cell phone number of each Defendant Officer on the date of the incident as well as name of the cell phone provider.

ANSWER:

18.  For each year preceding the date that Plaintiff alleges he treated with misconduct by the Defendants(s), list the number of Internal Affairs, Office of Professional Standards and/or criminal investigations, complaints, claims or incident reports in which an officer of The City of Chicago has been alleged to have:

a.  used excessive force;
b.  falsified a police report;
c.  covered up the misconduct of a fellow officer;
d.  engaged in a code of silence to protect a fellow officer.

For each year list the number of those investigations, complaints, claims or incident reports in which there was finding by an individual and/or agency of the City of Chicago where the complaint was sustained (meaning a finding that there was sufficient evidence to determine that the officer committed the alleged activity). Also, for each such complaint in which a lawsuit was filed, list the name and case number of the lawsuit, indicated the outcome of the lawsuit and if settled, the dollar amount of the settlement.

Below is an example of the method that this interrogatory can be answered:

| Year | Total Number of Complaints | Sustained | Not Sustained | Insufficient Evidence |
|------|---------------------------|-----------|---------------|----------------------|
| 1999 | 10 | 1 | 9 | 0 |

| Year | Lawsuit Name | Settlement Amount | Verdict Amount | Case Number |
|------|--------------|-------------------|----------------|-------------|
| 1999 | Joe v. Smith | $10,000.00 | 0 | 5 C 8907 |
| 1999 | Henry v. Jones | 0 | $50,000.00 | 6 C 8907 |

ANSWER:

Respectfully Submitted,

_____

Abbas Merchant, Esq.
Attorney for the Plaintiff

HORWITZ, RICHARDSON, & BAKER, LLC.
20 S. Clark St., Suite 500
Chicago, IL  60603
Tel:  (312) 676-2100
Fax:  (312) 676-7076

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIE CHOYCE, | |
| Plaintiff, | |
| v. | No. 08-C-202 |
| | JUDGE DER-YEGHIAYAN |
| OFFICER MARK L. FRIAR (NO. 11654), OFFICER D. F. JOHNSON (NO. 7129), UNKNOWN OFFICERS, and the CITY OF CHICAGO, | MAGISTRATE JUDGE VALDEZ |
| Defendants. | |

## <u>INTERROGATORIES TO BE ANSWERED<br>BY THE DEFENDANT MUNICIPALITY</u>

NOW COMES the Plaintiff, by and through her attorneys, HORWITZ, RICHARDSON & BAKER, LLC., LTD., and propounds the following interrogatories upon each individual Defendant, to be answered fully under oath within thirty days:

1. State the name and address of the individuals who had to be consulted for the purpose of answering these interrogatories as well as the Defendant who is answering.

   ANSWER:

2. Identify all persons with knowledge of the events described in the Complaint, and the categories of facts known to each person so identified. Further, state the name, last known address, social security number and last known phone number of each individual who spoke with Plaintiff, identifying the substance of each discussion, regarding the events described in the Complaint and/or witnessed and/or claims to have witnessed Plaintiff (a) within 24 hours prior to the Defendant Officer(s) having interacted with the Plaintiff(s); (b) while the Defendant Officer(s) interacted with the Plaintiff; and (c) within 24 hours after the Defendant Officer(s) interacted with the Plaintiff.

   ANSWER:

3. Specifically identify any and all statements taken regarding the incident alleged in the Complaint. In that connection, please state the date the statement was taken and the name of the interviewer. Identify whether the individual who provided a statement did so under coercion and/or pressure from any person. With regard to the individuals whose statements were taken, identify the name, last known address, social security number and last known phone number of each individual. Pursuant to the Federal Rules of Civil

Procedure, please produce these statements. Further, here, statement refers to any communication whatsoever (summary of conversation, written statements, telephonic statements, radio transmissions and/or recordings of any type, concerning the Plaintiff(s), the Defendants, witnesses, 911 calls, etc.).

ANSWER:

4. Please state the criminal history of each and every witness referred to in these interrogatories. Provide the criminal history of the Plaintiff, if any. Pursuant to the Federal Rules of Civil Procedure, tender their "RAP" sheet.

ANSWER:

5. With regard to Plaintiff's medical condition, state any and all injuries sustained by the Plaintiff as a result of the interaction that Plaintiff alleges to have had with the Defendant Officers. Indicate any post occurrence diminution and/or lack of injuries[12] that the answering Defendants claims to exist relative to the Plaintiff. Further, identify any and all medical conditions (e.g. diseases, specific diagnosis, congenital anomalies, birth defects) the Plaintiff had prior to September 9, 2006.

   a. Relative to any of the above medical conditions that the answering Defendant identifies, state the name, last known address, social security number and last known phone number of each and every individual that possesses knowledge relative to this condition, including the name, address and phone number of each expert witness the answering Defendant will call to testify at trial relative to these medical conditions and/or injuries, the specific opinions as to these experts as well as the bases for the opinions.

   b. If any individual referenced above is a treating physician and/or medical provider that has provided treatment to the Plaintiff, state the name, last known address and last known phone number of this individual as well as the opinions and bases of the opinions of this medical provider as it relates to the Plaintiff.

ANSWER:

6. Identify the name(s) of all officer(s) involved in the detention and use of force against the Plaintiff.

ANSWER:

7. Produce the personnel file(s) of the officer(s) identified in the answer to Interrogatory No. 6. Identify the supervisory individual in possession of said personnel file(s).

---

[12] If the Defendant(s) is going to claim that the Plaintiff(s) on any given day, did not appear to be suffering from a medical and/or emotional condition which is proximately caused by the allegations of misconduct alleged in the compliant, Plaintiff(s) requests the name, address and phone number of the individual who will testify in that regard.

ANSWER:

8. Describe all educational requirements for appointment as a police officer in the City of Chicago. Further identify and describe the training or experience required for appointment as a police officer, and itemize all literature and/or memoranda used at any time for that purpose. Pursuant to the Federal Rules for the Production of Documents, produce any and all documents in your possession in connection with this interrogatory.

ANSWER:

9. State the name, last known phone number, social security number and last known address of any individual who states that they have been forced, coerced and/or pressured to give a statement and/or communication of any kind (sworn or un-sworn) by any individual in this cause. State the names of all individuals who received this information as well as the dates such information was provided. Further, state the name of the individual alleged to have forced, coerced and/or pressured of any of these individuals.

ANSWER:

10. Identify any and all active (meaning, in force on September 9, 2006) documentation, paperwork, memoranda regarding the proper procedure to be utilized by an officer of the Defendant Municipality in connection with use of force against another, including proper use of force concerning detaining an individual, and general detaining an individual procedures. Further, provide the same information for individuals who have not committed a crime and/or are not under suspicion of a crime. If the Defendants are going to tender documents in connection with this interrogatory, please identify the documents so that there is no confusion as to what has been produced.

ANSWER:

11. For each individual identified in Defendants' Rule 26(a) Disclosures[13], Category A, or required to be disclosed pursuant to F.R.C.P. 26(a), provide a summary of the discoverable information known by such person and provide the following:

    a.    if interviewed in connection with this case, the date of the interview;
    b.    the name and address of the person who conducted the interview;
    c.    whether a statement as defined by Rule 26(b)(3) was obtained in connection with this case.

ANSWER:

---

[13] If Defendant(s) have not complied with Rule 26, please comply, or alternatively, if this case is pending before a judge and/or jurisdiction where compliance is not obliged, then please provide an answer in this connection pursuant to the Federal Rules of Civil Procedure.

12. With regard to the custom, practice and/or written policy of the police department of the Defendant Municipality, please provide the following:

    a. Identify the name of any Defendant Officer who on September 9, 2006 deviated from the custom and/or practice and/or policy of the police department for the Defendant Municipality, while said officer touched the body of the Plaintiff. By way of clarification, the custom, practice and policy referred to is that which relates to the use of force that an officer uses on an arrestee[14]. Identify the specific act(s) that the officer engaged in that was inconsistent with said custom, practice and/or written policy of the police department for the Defendant Municipality. Identify the custom, practice and/or written policy that the Defendant Officer deviated from (did not follow) on September 9, 2006.

    b. Identify the 30(b)(6) witness who is most knowledgeable of the custom and/or practice and/or written policy that any Defendant Officer followed and/or did not follow on September 9, 2006, while the officer interacted with and/or had a physical altercation with the Plaintiff on September 9, 2006, as well as the 30(b)(6) witness most knowledgeable as to the custom, practice and written policy of the 714 as same relates to the use of force that police officers are to effectuate upon people in their custody and other civilians.

    c. Identify the custom, practice and written policy that the Defendant Officer(s) followed on September 9, 2006 while the officer(s) interacted with the Plaintiff on September 9, 2006.

    ANSWER:

13. Identify and/or describe any changes (within the last 5 years) that have been made relative to the custom, practice and/or policy concerning the nature and/or amount of force an officer is to use to effectuate and arrest and/or place an individual into custody. Indicate the date of any changes and/or modifications, the nature of the modifications and the name(s) of the senior supervisory officers/individuals who participated in the generation of the modifications.

    ANSWER:

## __EXPERT WITNESS INTERROGATORIES__[15] (Numbers 14 and 15)

14. State whether this expert witness has served as an expert witness in litigation matters previously, whether as a consultant or testifying expert and/or expert witness. If so, please state:

    a. how many times this expert witness has served as a consultant or provided legal assistance (generated reports, evaluated evidence, submitted opinion letters,

---

[14] The use of force in this context can be for purposes of self-defense, arrest, gaining control of the arrestee.

[15] Only needs to be answered if the answering Defendant has retained an expert.

submitted expert opinions) how many of the consults were for defendants, the name of each attorney and/or law firm for which this expert witness has consulted for this defendants attorney and/or law firm in the past five years;

b.  how many times this expert witness has served as a testifying expert witness and/or expert either at a deposition or trial, in what capacity, e.g., for the plaintiffs, for the defendants or as a treating physician, the name of each attorney or law firm for which this expert witness has testified for this Defendant's attorney and/or law firm in the past five years;

c.  Number of times the answering Defendant and/or the law firm of the answering Defendant has retained this expert witness.

ANSWER:

15. State the annual income earned by this expert witness for services as an expert witness, consultant and/or participated in litigation[16] for the past five years, identify each year specifically, e.g. 1991 -$30,000.00; 1990 - $30.000.00, etc. as well as the income earned by this expert for services as an expert and/or consultant paid directly by the law firm of the answering Defendant

ANSWER:

16. Please provide the cell phone number of each Defendant Officer on the date of the incident as well as name of the cell phone provider.

ANSWER:

17. For each year since January 1, 2000 list the number of Internal Affairs, Office of Professional Standards and/or criminal investigations, complaints, claims or incident reports in which an officer of the City of Chicago has been alleged to have:
    a.  made an unlawful arrest (that is without probable cause);
    b.  used excessive force;
    c.  falsified a police report;
    d.  committed a theft;
    e.  consumed alcohol on duty;
    f.  violated a traffic offense while on duty;
    g.  violated a traffic offense while off duty;
    h.  {committed a DUI while on duty;
    i.  {committed a DUI while off duty;
    j.  caused a vehicular collision while on duty;
    k.  caused a vehicular collision while off duty;
    l.  caused injury to another during a vehicular chase;

---

[16] Participated in litigation means: served as a consultant, expert, opinion witness and/or drafted opinion letters, drafted opinions of any sort, evaluated evidence of any sort, provided guidance in litigation, reviewed evidence, helped an attorney generate and/or formulate opinions.

    m.  covered up the misconduct of a fellow officer;
    n.  engaged in a code of silence to protect a fellow officer.

For each year list the number of those investigations, complaints, claims or incident reports in which there was finding by an agency of the City of Chicago where the complaint was sustained (meaning a finding that there was sufficient evidence to determine that the officer committed the alleged activity). For each such complaint in which a lawsuit was filed, list the name and case number of the lawsuit, describe the outcome of the lawsuit and if settled, the dollar amount of the settlement.

    ANSWER:

18. For the ten year period prior to the date of the incident alleged in this cause, identify the total number of complaints (formal/informal, written, through internal affairs, lawsuits, etc…) that have been lodged against officer for the Defendant Municipality officers for misconduct alleged to have occurred on and/or off duty.  In that connection, indicate the total number of allegations that were sustained for each year, the total number that were not sustained and the total number for which there was insufficient evidence (also provide any other category used by the Defendant Municipality to identify that manner in which a police misconduct investigations has been resolved).   If there was a settlement and/or jury verdict, the amount of said verdict and/or settlement. Below is an example

| Officer Name | Year | Total Number of Complaints | Sustained | Not Sustained | Insufficient Evidence | Settlement/Jury Verdict Amounts |
|---|---|---|---|---|---|---|
| Officer X | 1999 | 10 | 1 | 9 | 0 | $5,000.00, etc. |

Respectfully Submitted,

_____
Abbas Merchant, Esq.
Attorney for the Plaintiff

HORWITZ, RICHARDSON, & BAKER, LLC.
20 S. Clark St., Suite 500
Chicago, IL  60603
Tel:  (312) 676-2100
Fax:  (312) 676-7076

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LILLIE CHOYCE,

    Plaintiff,

    v.

OFFICER MARK L. FRIAR (NO. 11654),
OFFICER D. F. JOHNSON (NO. 7129),
UNKNOWN OFFICERS, and the CITY OF
CHICAGO,

    Defendants.

No. 08-C-202

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE VALDEZ

**<u>NOTICE OF DEPOSITION</u>**

To:    City of Chicago - Police Policy Div.
        Diane S. Cohen
        Rita C. Moran
        30 N. LaSalle St, Suite 1020
        Chicago, IL 60602

DEPOSITION SCHEDULE

| Deponent | Date | Time |
|---|---|---|
| OFFICER MARK L. FRIAR | June 3, 2008 | 11:30a.m. |
| OFFICER D. F. JOHNSON | June 3, 2008 | 2:30p.m. |
| Representative of the CITY OF CHICAGO | June 5, 2008 | 11:30a.m. |
| 30(b)6 witness to testify as to proper police procedure in connection with the use of force to be used upon an arrestee or civilian | June 5, 2008 | 2:30p.m. |

You are hereby notified that the undersigned or another attorney at the HORWITZ,
RICHARDSON, & BAKER, LLC. will take the deposition of the above named deponents before
a notary public or any other duly authorized officer in the City of Chicago on the above
referenced dates.

1

Location of Deposition: 20 S. Clark St., Suite 500, Chicago, IL 60603.

You are hereby further notified pursuant to the Federal Rules of Civil Procedure you are by this notice required to have present at the date, time and place stated, the said Deponent for oral examination for the purpose of discovery.

### DEPOSITION RIDER

PLEASE COMPLY WITH THE DEPOSITION RIDER BY FULLY RESPONDING TO THE REQUEST TO PRODUCE AND ANY SUPPLEMENTATIONS IN CONNECTION THERETO BY BRINGING SAID DOCUMENTS TO THE DEPOSITION OF THE DEPONENTS REFERENCED ABOVE.

Respectfully Submitted,

_____
Abbas Merchant, Esq.
Attorney for the Plaintiff

HORWITZ, RICHARDSON, & BAKER, LLC.
20 S. Clark St., Suite 500
Chicago, IL  60603
Tel:  (312) 676-2100
Fax:  (312) 676-7076

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LILLIE CHOYCE,

    Plaintiff,

    v.

OFFICER MARK L. FRIAR (NO. 11654),
OFFICER D. F. JOHNSON (NO. 7129),
UNKNOWN OFFICERS, and the CITY OF
CHICAGO,

    Defendants.

No. 08-C-202

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE VALDEZ

## REQUEST TO ADMIT

    NOW COMES the Plaintiff, by and through her attorneys, HORWITZ, RICHARDSON & BAKER, LLC., LTD., and propounds the following interrogatories upon each individual Defendant, to be answered fully under oath within thirty days:

**Definitions**:

    "Interact" and/or "interacting" means to physically communicate with or react to (as defined by the Cambridge Dictionary, On Line Version, 2004). "Interact" and/or "interacting" also includes "touching".

    When the term "interact," "interacted" and/or "interacting" is being used, the following time periods are not being considered: while the Plaintiff was in a police car, jail, cell and/or other areas of confinement of a similar nature.

    "Custom" means a routine conduct followed by the officers for the Defendant Municipality.

    "Practice" means an act done or performed frequently by the police officers of the Defendant Municipality

    "Policy" means a written plan or course of action intended to influence the conduct of officers for the Defendant Municipality.

    "Amount of force" is frequently referred to as the Use of Force Continuum, Use of Force Model and/or Use of Force Paradigm. Whatever the terminology, it refers to the amount of force that an officer may use under a particular circumstance, given what he or she is confronted with.

1.  Officer Mark L. Friar (Star Number 11654) interacted with the Plaintiff on September 9, 2006.

2.  Officer Mark L. Friar (Star Number 11654) placed the Plaintiff in custody on September 9, 2006.

3.  Officer Mark L. Friar (Star Number 11654) arrested the Plaintiff on September 9, 2006.

4.  Officer D. F. Johnson (Star Number 7129) interacted with the Plaintiff on September 9, 2006.

5.  Officer D. F. Johnson (Star Number 7129) placed the Plaintiff in custody on September 9, 2006.

6.  Officer D. F. Johnson (Star Number 7129) arrested the Plaintiff on September 9, 2006.

7.  Officer Stacey Cooper (Star Number 5193) interacted with the Plaintiff on September 9, 2006.

8.  Officer Stacey Cooper (Star Number 5193) placed the Plaintiff in custody on September 9, 2006.

9.  Officer Stacey Cooper (Star Number 5193) arrested the Plaintiff on September 9, 2006.

10. Officer Patrice Patton (Star Number 10440) interacted with the Plaintiff on September 9, 2006.

11. Officer Patrice Patton (Star Number 10440) placed the Plaintiff in custody on September 9, 2006.

12. Officer Patrice Patton (Star Number 10440) arrested the Plaintiff on September 9, 2006.

13. Officer Ellis Anderson (Star Number 19526) interacted with the Plaintiff on September 9, 2006.

14. Officer Ellis Anderson (Star Number 19526) placed the Plaintiff in custody on September 9, 2006.

15. Officer Ellis Anderson (Star Number 19526) arrested the Plaintiff on September 9, 2006.

16. Titus Moore (Star Number 14480) interacted with the Plaintiff on September 9, 2006.

17. Titus Moore (Star Number 14480) placed the Plaintiff in custody on September 9, 2006.

18. Titus Moore (Star Number 14480) arrested the Plaintiff on September 9, 2006.

19. Ana Valeriano (Star Number 15485) interacted with the Plaintiff on September 9, 2006.

20. Ana Valeriano (Star Number 15485) placed the Plaintiff in custody on September 9, 2006.

21. Ana Valeriano (Star Number 15485) arrested the Plaintiff on September 9, 2006.

22. Marcos Perez (Star Number 14322) interacted with the Plaintiff on September 9, 2006.

23. Marcos Perez (Star Number 14322) placed the Plaintiff in custody on September 9, 2006.

24. Marcos Perez (Star Number 14322) arrested the Plaintiff on September 9, 2006.

25. Oneal Payne (Star Number 17688) interacted with the Plaintiff on September 9, 2006.

26. Oneal Payne (Star Number 17688) placed the Plaintiff in custody on September 9, 2006.

27. Oneal Payne (Star Number 17688) arrested the Plaintiff on September 9, 2006.

28. Demeka Strickland (Star Number 6690) interacted with the Plaintiff on September 9, 2006.

29. Demeka Strickland (Star Number 6690) placed the Plaintiff in custody on September 9, 2006.

30. Demeka Strickland (Star Number 6690) arrested the Plaintiff on September 9, 2006.

31. Michael Roberts (Star Number 9339) interacted with the Plaintiff on September 9, 2006.

32. Michael Roberts (Star Number 9339) placed the Plaintiff in custody on September 9, 2006.

33. Michael Roberts (Star Number 9339) arrested the Plaintiff on September 9, 2006.

34. Michael Rule (Star Number 6463) interacted with the Plaintiff on September 9, 2006.

35. Michael Rule (Star Number 6463) placed the Plaintiff in custody on September 9, 2006.

36. Michael Rule (Star Number 6463) arrested the Plaintiff on September 9, 2006.

37. Michael Rucker (Star Number 18382) interacted with the Plaintiff on September 9, 2006.

38. Michael Rucker (Star Number 18382) placed the Plaintiff in custody on September 9, 2006.

39. Michael Rucker (Star Number 18382) arrested the Plaintiff on September 9, 2006.

40. April Sherpetis (Star Number 12077) interacted with the Plaintiff on September 9, 2006.

41. April Sherpetis (Star Number 12077) placed the Plaintiff in custody on September 9, 2006.

42. April Sherpetis (Star Number 12077) arrested the Plaintiff on September 9, 2006.

43. Brian Gaston (Star Number 19030) interacted with the Plaintiff on September 9, 2006.

44. Brian Gaston (Star Number 19030) placed the Plaintiff in custody on September 9, 2006.

45. Brian Gaston (Star Number 19030) arrested the Plaintiff on September 9, 2006.

46. Philonies Mccray (Star Number 13590) interacted with the Plaintiff on September 9, 2006.

47. Philonies Mccray (Star Number 13590) placed the Plaintiff in custody on September 9, 2006.

48. Philonies Mccray (Star Number 13590) arrested the Plaintiff on September 9, 2006.

49. Robert Goode (Star Number 2242) interacted with the Plaintiff on September 9, 2006.

50. Robert Goode (Star Number 2242) placed the Plaintiff in custody on September 9, 2006.

51. Robert Goode (Star Number 2242) arrested the Plaintiff on September 9, 2006.

52. Mark Yelverton (Star Number 16022) interacted with the Plaintiff on September 9, 2006.

53. Mark Yelverton (Star Number 16022) placed the Plaintiff in custody on September 9, 2006.

54. Mark Yelverton (Star Number 16022) arrested the Plaintiff on September 9, 2006.

55. Tanyshia Parlor (Star Number 19326) interacted with the Plaintiff on September 9, 2006.

56. Tanyshia Parlor (Star Number 19326) placed the Plaintiff in custody on September 9, 2006.

57. Tanyshia Parlor (Star Number 19326) arrested the Plaintiff on September 9, 2006.

58. David Lee (Star Number 14578) interacted with the Plaintiff on September 9, 2006.

59. David Lee (Star Number 14578) placed the Plaintiff in custody on September 9, 2006.

60. David Lee (Star Number 14578) arrested the Plaintiff on September 9, 2006.

61. Kevyn Lott (Star Number 11296) interacted with the Plaintiff on September 9, 2006.

62. Kevyn Lott (Star Number 11296) placed the Plaintiff in custody on September 9, 2006.

63. Kevyn Lott (Star Number 11296) arrested the Plaintiff on September 9, 2006.

64. Carolyn Kubiak (Star Number 17391) interacted with the Plaintiff on September 9, 2006.

65. Carolyn Kubiak (Star Number 17391) placed the Plaintiff in custody on September 9, 2006.

66. Carolyn Kubiak (Star Number 17391) arrested the Plaintiff on September 9, 2006.

67. John Beluso (Star Number 19997) interacted with the Plaintiff on September 9, 2006.

68. John Beluso (Star Number 19997) placed the Plaintiff in custody on September 9, 2006.

69. John Beluso (Star Number 19997) arrested the Plaintiff on September 9, 2006.

70. Mark Nottoli (Star Number 988) interacted with the Plaintiff on September 9, 2006.

71. Mark Nottoli (Star Number 988) placed the Plaintiff in custody on September 9, 2006.

72. Mark Nottoli (Star Number 988) arrested the Plaintiff on September 9, 2006.

73. Bryan Ford (Star Number 17039) interacted with the Plaintiff on September 9, 2006.

74. Bryan Ford (Star Number 17039) placed the Plaintiff in custody on September 9, 2006.

75. Bryan Ford (Star Number 17039) arrested the Plaintiff on September 9, 2006.

76. Tremayne Hall (Star Number 5575) interacted with the Plaintiff on September 9, 2006.

77. Tremayne Hall (Star Number 5575) placed the Plaintiff in custody on September 9, 2006.

78. Tremayne Hall (Star Number 5575) arrested the Plaintiff on September 9, 2006.

79. Cynthia Modeste (Star Number 19413) interacted with the Plaintiff on September 9, 2006.

80. Cynthia Modeste (Star Number 19413) placed the Plaintiff in custody on September 9, 2006.

81. Cynthia Modeste (Star Number 19413) arrested the Plaintiff on September 9, 2006.


Respectfully Submitted,

_____
Abbas Merchant, Esq.
Attorney for the Plaintiff


HORWITZ, RICHARDSON, & BAKER, LLC.
20 S. Clark St., Suite 500
Chicago, IL  60603
Tel:  (312) 676-2100
Fax:  (312) 676-7076

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIE CHOYCE, | |
| Plaintiff, | |
| v. | No. 08-C-202 |
| | JUDGE DER-YEGHIAYAN |
| OFFICER MARK L. FRIAR (NO. 11654), OFFICER D. F. JOHNSON (NO. 7129), UNKNOWN OFFICERS, and the CITY OF CHICAGO, | MAGISTRATE JUDGE VALDEZ |
| Defendants. | |

## CERTIFICATE OF SERVICE

The undersigned, Abbas Merchant, an attorney, states that on May 23, 2008, I served Plaintiff's Interrogatories, Request to Produce, Request to Admit, and Deposition notices by submitting same via hand delivery, at the following address:

To:    City of Chicago - Police Policy Div
       Diane S. Cohen
       Rita C. Moran
       30 N. LaSalle St, Suite 1020
       Chicago, IL 60602

Received By:_____        Received By:_____

Printed Name:_____        Printed Name:_____

Date:_____        Date:_____


_____
Abbas Merchant, Esq.
Attorney for the Plaintiff


HORWITZ, RICHARDSON, & BAKER, LLC.
20 S. Clark St., Suite 500
Chicago, IL  60603
Tel:  (312) 676-2100
Fax:  (312) 676-7076