# EXHIBIT II

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIE CHOYCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 202 |
| | ) |
| OFFICER MARK L. FRIAR, et seq., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Mark Friar's, Defendant Darrel Johnson's, Defendants Unknown Officers' (collectively referred to as "Defendant Officers"), and Defendant City of Chicago's ("City") motion to dismiss. For the reasons stated below, we grant Defendants' motion to dismiss.

## BACKGROUND

On or about September 9, 2006, Plaintiff Lillie Choyce ("Choyce") alleges she was present at the scene of an altercation in which she was not involved. During the

1

altercation, Choyce was allegedly thrown to the ground by one or more of Defendant Officers and sustained injuries. Choyce contends that the act of throwing her to the ground constituted an unreasonable seizure in violation of her rights under the Fourth Amendment to the United States Constitution. Choyce alleges that while one or more of Defendant Officers used actual force against her, other Defendant Officers failed to intervene to prevent the use of force against her. Choyce alleges that some or all of Defendant Officers engaged in a conspiracy to injure her and that the actions of Defendant Officers were a result of a custom, practice, or policy of the City.

Choyce first brought an action for her claims on March 30, 2007, in case number 07 C 1790 ("2007 Case"). This court dismissed that action without prejudice on December 17, 2007. Choyce then re-filed the instant action on January 9, 2008. In Choyce's amended complaint, she brings (1) a claim for excessive force brought under 28 U.S.C. § 1983, ("Section 1983"), (2) a conspiracy claim brought under Section 1983, (3) a *Monell* claim brought against the City, and (4) a state law claim for indemnification brought against the City. Defendants filed the instant motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege

all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

In support of their motion to dismiss, Defendants raise two arguments: (1) that the instant action is barred by the doctrine of *res judicata*, and (2) that, as with the 2007 Case, Choyce has not stated a claim under the federal notice pleading standards.

I. *Res Judicata* Issue

Defendants argue that since this case represents the refiling of the 2007 Case, which they claim was adjudicated on the merits, this case is barred by the doctrine of *res judicata*. The doctrine of *res judicata*, also known as "claim preclusion," bars parties from re-litigating issues that should have been raised in a prior action when there has been a final judgment on the merits in that action. *Highway J Citizens Group v. United States Dept. Of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006); *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Choyce does not dispute the fact that this case represents the re-filing of the 2007 Case and, thus, the only dispute is whether the 2007 Case is considered to have been adjudicated on the merits.

In dismissing the 2007 Case, this court specifically indicated that the action was dismissed without prejudice and that Choyce could "file a new and timely action and properly name individual officers allegedly involved in the alleged constitutional deprivation." (OR 12/17/07 - O7 C 1790). It is well established in the federal courts that an action dismissed "without prejudice" is an action that may be re-filed again in the same court, subject to other substantive and procedural bars such as the statute of limitations. *Semtek Int'l., Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 498 (2001)(stating that "'an adjudication upon the merits' in Rule 41(b) is the opposite of a dismissal without prejudice–that is, it is a dismissal upon the merits"). In this court's order dismissing the 2007 Case, we specifically stated that the action was

5

dismissed "without prejudice" and, therefore, the action was not adjudicated on the merits. Rule 41(b) provides that a dismissal is on the merits "unless the court in its order for dismissal otherwise specifies." Fed. R. Civ. P. 41(b). This court did specify as such and, therefore, the 2007 Case was not adjudicated on the merits. Since the 2007 case was never adjudicated on the merits, the doctrine of *res judicata* does not apply.

II. Notice Pleading Issue

Defendants also move to dismiss the action based on the argument that, despite the court's specific order requiring any new action by Choyce to provide sufficient allegations with respect to the constitutional deprivations alleged, Choyce has still failed to satisfy the federal notice pleading standard. In the 2007 Case, Choyce initially named only the City and "Unknown Officers" as defendants. (07 C 1790 Compl. 1). As in the instant action, Choyce alleged in the 2007 Case that she was thrown to the ground by "one or more" of the unknown officers and that the other unknown officers engaged in a conspiracy to batter and assault her. (07 C 1790 Compl. Par. 5-6). On May 31, 2007, the court allowed Choyce 30 days to discover the names of the unknown officers and to file an appropriate motion to amend her complaint. (OR 5/31/07 - 07 C 1790).

After the court granted Choyce multiple extensions to identify the names of the unknown officers described in her complaint, Choyce did file an amended complaint on November 14, 2007, naming twenty-seven defendant officers. (07 C 1790 Amend. Compl. 1). Choyce continued to allege that "one or more" of the defendant officers knocked her to the ground while "some or all" of the defendant officers conspired to injure her. (07 C 1790 Amend. Compl. Par. 4, 8). On December 17, 2007, the court issued an order dismissing the 2007 Case. (OR 12/17/07 - 07 C 1790). In that order, the court noted that despite the extensive period of time that she was given to conduct discovery to identify the unknown officers, Choyce had not identified the specific officers involved in her constitutional violations, but rather named twenty-seven separate officers who she vaguely alleged were part of a conspiracy. (OR 12/17/07 - 07 C 1790). The court found that Choyce's allegations of a conspiracy were insufficient to meet the notice pleading standard and since Choyce did not identify the actual officers involved in the altercation, she had failed to state a claim. (OR 12/17/07 - 07 C 1790). The court found that Choyce's complaint did not provide the defendants with sufficient notice of the claims brought against them. (OR 12/17/07 - 07 C 1790).

In our dismissal of the 2007 Case, we stated that Choyce could file a new timely action with properly named individual officers who were allegedly involved

in Choyce's constitutional deprivation. (OR 12/17/07 - 07 C 1790). Choyce re-filed the instant action, but has once again failed to identify the officers involved in her alleged constitutional deprivations. The only material difference between Choyce's amended complaint in the instant action and the amended complaint which we dismissed in the 2007 Case, is that Choyce has named two Defendant Officers, along with other "Unknown Officers." (Amend. Compl. 1). While these two officers are specifically named in the caption of the case, she refers to them in her complaint along with the "Unknown Officers" as "Defendant Officers." (Amend. Compl. 1-7). Choyce still alleges that "one or more" of Defendant Officers knocked her to the ground and that "some or all" of Defendant Officers engaged in a conspiracy to injure her. (Amend. Compl. Par. 4, 9). Choyce has not stated the alleged role of the two named officers in the alleged constitutional deprivations or in what way their role differed from that of the unknown officers. Thus, Choyce is no closer to meeting the notice pleading standards than she was in her amended complaint in the 2007 Case. This is not a case where the plaintiff has not been given the opportunity to conduct discovery in order to properly identify the defendants and properly state a claim against specific defendants. In this case, Choyce has been given ample time for discovery.

While it is certainly true that Choyce need not allege all the facts necessary to

8

succeed on her claims, she must provide sufficient allegations to, at the very least, put Defendants on notice of her claims against them. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)(stating that "[t]aking *Erickson* and *Twombly* together, [the Court] understands the [U.S. Supreme Court] to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8"). We find that the identities of the actual officers that were plausibly involved in Choyce's claims is a necessary fact that must be pled in order to properly put these individual Defendants on notice of the claims brought against them.

It has now been more than a year since Choyce first brought an action for her claims and despite the fact that the court has given months of preliminary discovery to allow Choyce to properly name individual defendants and identify the claims alleged against them to put them on proper notice, Choyce has failed to do so. Therefore, we find that Choyce has, once again, failed to state a claim. Finally, since Choyce has not provided sufficient allegations relating to any constitutional deprivations caused by specific individual officers, there can be no corresponding *Monell* claim as well. Since Choyce has failed to state a claim in the instant action, we grant Defendants' motion to dismiss.

III. Request to Amend

In Choyce's opposition to Defendants' motion to dismiss, she includes a section in which she asks that in the event the court finds that she has not stated a claim, she be granted leave to amend her complaint to state her allegations in greater detail. (Ans. 4-5). First, it not proper to bring a motion in an opposition brief. Second, Choyce has had now ample opportunities to file her claim properly and has not done so. Therefore, we deny the request.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 24, 2008