IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | | |
|---|---|---|
| LILY CHOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Valdez |
| v. | ) | |
| | ) | 08 C 202 |
| FRIAR, et al., | ) | |
| Defendants. | ) | |

### DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL OF THIS CASE

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, and Mark Friar and Darrel Johnson, by their attorney David N. Selmer, Assistant Corporation Counsel for the City of Chicago, in response to Plaintiff's motion to reconsider state as follows:

### SUMMARY OF ARGUMENT

Plaintiff's case was dismissed due to her continued inability to make sufficient allegations to provide Defendants with proper notice of her claims against them or to plausibly suggest a right to relief. Although Plaintiff has had ample opportunity to conduct discovery and amend her complaint, she has failed to cure these deficiencies. Plaintiff's Motion to Reconsider does not meet the clearly erroneous standard or introduced any new evidence that is required for this Court to overturn its previous Therefore, this Court should reaffirm its dismissal of her Complaint and its denial of Plaintiff's motion to leave to amend her Complaint.

### INTRODUCTION

On May 30, 2007, Plaintiff filed a complaint in *Lilly Choyce v Unknown Officers et al.*, 07 C 1790 ("2007 Case"), alleging that one or more unknown Defendant Officers violated her constitutional right to be free from unreasonable seizure under the Fourth Amendment by throwing her to the ground. *See*, Complaint 07 C 1790, docket no. 1. Further, Plaintiff claimed that one or more unknown Defendant Officers' engaged in a conspiracy to injure her and that Defendant Officers' alleged misconduct constituted a custom, practice, or policy of the City of Chicago. *Id.* On May 31, 2007, this court notified Choyce that she had 30 days to discover the names of the unknown officers and amend her complaint. *See*, Order 07 C 1790, docket no. 16.

On November 14, 2007, Plaintiff amended her complaint to list all twenty-seven Defendant Officers who were at the scene of the alleged incident with the same language as the original complaint, claiming that "one or more" of the Defendant Officers threw her to the ground and that "some or all" of the Defendant Officers conspired to injure her. *See,* Amended Complaint 07 C 1790, docket no. 27, ¶¶ 4, 8.

On December 17, 2007, this Court dismissed Plaintiff's Complaint without prejudice, concluding that Plaintiff's failure to allege any specific actions on the part of any individual Officers did not meet the federal notice pleading standard. *See,* Order 07 C 1790, docket no.41. Plaintiff failed to provide Defendants with sufficient notice of the claims brought against them and her vague allegations in regard to the conspiracy claim were insufficient to "plausibly suggest that plaintiff has a right to relief." *Id.* Further, the *Monell* claims were not sustainable without corresponding properly pled constitutional violations. *Id.* Lastly, the Court concluded that Plaintiff's failure to conduct discovery should not be a basis for requiring all twenty-seven officers to participate in the action

due to unfairness to those Officers not involved in a constitutional violation and inefficient use of time and resources. *Id.* This Court provided that Plaintiff could file a "new and timely action and properly name individual officers allegedly involved in the constitutional deprivation." *Id.*

On December 27, 2007, Plaintiff filed a motion to amend the complaint and asked leave of the court to file an amended complaint naming as defendants, two individual officers, unknown officers and the City of Chicago in the caption of the complaint. The body of the complaint alleged that "defendant officers" caused injury to the plaintiff having defined "defendant officers" as the two individual officers and unknown officers. (07 C 1790, Document number 69-2, filed 12/27/07).

This Court on January 3, 2008, denied plaintiff's motion for leave to amend the complaint, stating it was "too late to seek leave to amend the complaint in this action." (OR 1/3/08 - 07 C 1790 (*citing* Sigsworth v. City of Aurora, Ill., 487 F.3d 506, 511 (7th Cir. 2007)).

Subsequently, on January 9, 2008, plaintiff filed a new action, *Lillie Choyce v Friar, et al.*, case number 08 C 202 ("2008 Case"), 2008 WL 256703 (N.D. Ill. 2008), which was identical to the dismissed 2007 Case notwithstanding two exceptions. *See,* Complaint 08 C 202, docket no.1. First, Plaintiff changed her name from Lilly to Lillie. *See,* Amended Complaint 08 C202, docket no.9. Secondly, Plaintiff removed the list of the twenty-seven Defendant Officers and substituted Officers Friar and Johnson and Unknown Officers as "Defendant Officers." *Id.*[1] Plaintiff's allegations still suffer the

---

[1] Plaintiff's complaint under 08 C 202 is identical to the proposed Second Amended Complaint that was filed on December 27, 2007 under case number 07 C 1790. And in fact the original complaint in the 08 C 202 case still had the 07 C 1790 docket number in the caption. *See* Complaint 08 C 202, docket no. 1.

3

insufficiencies previously cited by this Court by referring collectively to "Defendant Officers" without specifying which named or unknown Defendant Officers' actions caused her alleged constitutional violation. *Id* ¶¶1-7. As in the 2007 Case, Choyce still alleged that "'one or more' of the Defendant Officers threw her to the ground and that 'some or all' of the Defendant Officers conspired to injure her." *Id* ¶¶ 4, 9.

On April 4, 2008, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim. This court granted Defendant's motion on June 24, 2008, concluding that it had been "more than a year since Choyce first brought an action for her claims and despite the fact that the court has given months of preliminary discovery to allow Choyce to properly name individual defendants and identify the claims alleged against them to put them on proper notice, Choyce failed to do so." *Choyce v Friar, et al.*, 2008 WL 256703, 4 (N.D. Ill. 2008). Furthermore, this Court denied Plaintiff's request to be granted leave to amend her complaint to state her allegations in greater detail because she has had "ample opportunities to file her claim properly and has not done so." *Id.*

Plaintiff has now filed a motion for this Court to reconsider its previous holdings and for leave to file an amended complaint. Plaintiff's motions should be denied for the same reasons this Court dismissed Plaintiff's previous complaints and denied them leave to file an amended complaint as stated below.

## LEGAL STANDARD

"Motions to reconsider serve a limited function. *Keene Corp. v. Int'l fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1983). They are ordinarily granted only to correct clear errors of law or fact or to present newly discovered evidence which could not have

---

Plaintiff filed an amended complaint on January 23, 2008 removing the 07 C 1790 reference in the caption. *See* Amended Complaint 08 C 202, Document 8.

4

been adduced during the pendency of the motion. *Publishers Resource v. Walker-Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985); *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F.Supp. 6 (N.D. Ill. 1983). Motions for reconsideration cannot be used to introduce new legal theories, to raise arguments that could have been raised during the pendency of the motion, *Publishers*, 762 F.2d at 561; *In re: Sisson*, 668 F.Supp. 1196 (N.D. Ill. 1987), or to present evidence which could have been presented during the pendency of the motion. *Keene*, 561 F.Supp. at 665. *See also, Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.")

## ARGUMENT

**I. THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO RECONSIDER AS PLAINTIFF'S HAVE NOT DEMONSTRATED EVIDENCE OF CLEAR ERROR OF LAW OR NEWLY DISCOVERED EVIDENCE.**

Plaintiff's Motion fails to meet the clearly erroneous standard required for this Court to reverse its decision dismissing Plaintiff's Complaint. Plaintiff incorrectly attempts to shift the burden to the Defendants for her own inability to state with specificity the actions of any particular defendant officer that caused her alleged violation of her constitutional rights, if it was a Chicago police officer at all. There is no newly discovered evidence of the City's subversion of the discovery process as Plaintiff alleges. The record is clear that Defendants have diligently provided Plaintiff with all discovery necessary for her to sufficiently plead. This Court was not clearly erroneous in holding that (A) the defendants were not required to continue to undergo costly and burdensome discovery, (B) Plaintiff's pleading failed to provide sufficient notice to Defendants, and,

(C) Plaintiff claims were too groundless to show that recovery is at least plausible. Therefore, Plaintiff's motion to reconsider should be denied.

**A. Plaintiff has been given more than ample opportunity to discover the identity of her alleged assailant and this Court should not condone a further fishing expedition.**

Plaintiff claims that Defendants refused to make the proper inquiry to assist Plaintiff in identifying the unknown officers and claims that had Defendant Officers answered Plaintiff's Request to Admit, the responses "would, once and for all, identify the officers who assaulted Plaintiff." Motion to Reconsider, Document 33, ¶6. Conversely, Defendants and this Court have given Plaintiff ample opportunity to discover what officers were present and who performed the alleged conduct. It is Plaintiff's inability to identify who and how many threw her down, not Defendants lack of cooperation in discovery, which has prevented Plaintiff from filing a proper complaint pursuant to the notice standards. Through Defendants diligent discovery efforts Plaintiff has been provided with the following:

- Arrest reports and case reports for Plaintiff's son and others who were arrested relating to this incident that listed the name of officers at the scene;
- Attendance and Assignment sheets containing a names of duty officers and their assigned beat;
- Area File with lock-up keepers report and log,
- Event queries for the location of the incident and listing all the beats present at the scene corresponding to the names provided in the Attendance and Assignment sheets; and,
- Identification of 27 officers who were assigned to the beats that responded to the scene of Plaintiff's injury.

In addition to the above discovery that would assist Plaintiff to identify the specific individuals that committed the alleged constitutional violations, Defendants also offered to allow Plaintiff to view a photo array. Plaintiff declined the offer and now admits it would be pointless because Plaintiff admits that she "did not and could not

observe the officer(s) who assaulted her." Motion to Reconsider, Document 33, ¶ 2. Plaintiff is aware of the numerous witnesses at the scene, including her son, but has not been able to provide the slightest detail of whom or how many allegedly pushed her down. She has not been able to describe the number, race, height, sex, or clothing of her alleged assailant. Plaintiff cannot even state in good faith that it was a Chicago Police Officer at all who pushed her down. Thus, it is obvious the deficiencies in Plaintiff's Complaint are not something that is due to Defendants' alleged withholding of discovery.

Contrary to Plaintiff's assertions, these deficiencies cannot be cured through additional discovery. There is no support for Plaintiff's argument that the requests to admit would "once and for all, identify the officers who assaulted the Plaintiff." The undersigned has spoken with the named Defendants who have no recollection of Plaintiff or contact with her.

In deciding whether to permit further discovery, a court may consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Additionally, "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Development Corp. Village of Lemont*, Ill. 520 F.3d 797, 802-803 (7th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (U.S. 2007)). Here, Plaintiff's continued inability to state or describe who threw her to the ground out of the possible twenty-seven Defendant Officers on the scene, without any evidence it was a Chicago Police Officer at

all, makes proceeding with her cause of action unduly burdensome and an waste of resources.

In *O'Brien v. City of Chicago*, 1993 WL 116757, 2 (N.D. Ill. 1993), the court dismissed two officers from the complaint because there were "no specific allegations contained in the complaint as to these two defendants which would establish their personal involvement". In *O'Brien*, the court rejected the Plaintiff's proposition that "discovery will determine whether the two individuals were involved in the alleged activities" stating that using discovery in this case is "akin to a fishing expedition" and "without any **specific** allegations of wrongdoing on the part of these defendants…[they] should be dismissed." *Id*, (emphasis added). Here, Plaintiff's Complaint that "one or more" of the Defendant Officers threw her to the ground and that "some or all" of the Defendant Officers conspired to injure here is similarly devoid of any **specific** allegations against specific officers. Therefore, as in *O'Brien*, this Court should continue to reject Plaintiff's proposition that discovery will determine the identity of the proper defendants.

In *Hale v. Sheahan*, 1996 WL 79384 (N.D.Ill.1996), the plaintiff alleged he was beaten by two jail guards he was unable to identify. The court denied the defendant's motion to dismiss for failure to state a claim as premature, requiring the defendants to make reasonable efforts, such as providing photographs, to permit the plaintiff to identify individual defendants. *Id* at 3. However, the court allowed that defendants may renew their motion after complying with the order." *Id*. Furthermore, the court noted "the defendants should not have to answer lengthy and complex interrogatories regarding the management of the jail when the complaint does not properly connect them to a violation of…[the plaintiff's] rights." *Id*. This Court should hold consistent with *Hale* and dismiss

Plaintiff's complaint because not only has Plaintiff been provided with numerous documents identifying all the Chicago Police officers who were at the scene of the incident but Plaintiff has been offered to view a photo array which she has failed to partake in and now states would be fruitless.  Motion to Reconsider, Document 33, ¶ 2.  Just as in *Hale,* Defendants in this case should not be forced to answer lengthy and complex interrogatories when Plaintiff does not connect Defendants to a violation of her rights with sufficient specificity.

Furthermore, Plaintiff's reliance on the proposition that Requests to Admit would have provided the proper Defendants' identities is misplaced because Requests to Admit are an inappropriate device to attempt to identify parties.  In *Sommerfield v. City of Chicago*, 2008 WL 2791871, 3 (N.D.Ill. 2008), the court stated that "[b]ecause Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for those purposes." (citing 7 Moores Federal Practice, § 36.02[2] (3rd ed.2000)).  The *Sommerfield* court concluded that "procedures such as depositions, interrogatories, and requests to produce documents…are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33- 35", whereas requests to admit are not. *Id.* (citing *Cf. Northwestern Memorial Hospital v. Ashcroft,* 362 F.3d 923, 931 (7th Cir. 2004)).  In *C&F Packing Co., Inc. v. IBP, Inc.*, 1994 WL 36874, 5 (N.D.Ill.1994), the court stated that "[A] request to admit 'is not a discovery procedure at all, since it presupposes that the party propounding it knows the facts or has the document and merely wishes his opponent to concede their genuineness'." (citing *Phillips Petroleum Co. v. Northern Petrochemical Co.,* No. 84 C 2028 (N.D.Ill. Sept. 29, 1986)

(on LEXIS)). Here, Plaintiff is inappropriately using Requests to Admit as a "fishing expedition." This court has prevented an unduly burdensome fishing expedition to date and should continue to do so in denying Plaintiff's motion to reconsider. Additionally, plaintiff's contention that if defendants would answer plaintiff's propounded requests to admit does not rise to the standard required for reversal of this Court's decision to dismiss.

**B. Plaintiff's own deficiencies failed to provide Defendants with proper notice under the liberal federal pleading standard.**

Plaintiff's Complaint must provide "enough detail to illuminate the nature of the claim and allow defendants to respond." *George v Smith*, 507 F.3d 605, 608 (7th Cir. 2007). In *Airborne Beepers & Video*, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007), the court stated that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Here, Plaintiff's Complaint does not provide proper notice to Defendant Officers because she has failed to not only identify the individual defendants involved in the alleged altercation but their specific actions that caused her constitutional violation. For example, Plaintiff continues to make allegations, identical to her previously dismissed case, that "'one or more' of the defendant officers knocked her to the ground while 'some or all' of the defendant officers conspired to injure her." *Choyce*, 2008 WL 256703 (citing Amend. Compl. Par. 4,9; 07 C 1790, Amend. Compl. Par 4,8). The Court concluded then, as it should now, that "the identifies of the actual officers that were plausibly involved in Choyce's claims is a necessary fact that must be pled in order to properly put these individual Defendants on notice of the claims brought against them." *Choyce v Friar*, 2008 WL 2567037, 3 (N.D. Ill, 2008).

Plaintiff argues that her latest Amended Complaint provides Defendants with sufficient notice of the claims against them, citing *Sheppard v J.W. Fairman*, 1994 WL 532127 (7th Cir. 1994), for the proposition that complaints listing unknown defendants meet the federal pleading standard. However, in the case Plaintiff cites the court actually dismissed the Complaint. It was not until the Seventh Circuit affirmed in part and reversed and remanded in part in *Sheppard v Fairman*, 1995 WL 481449, (7th Cir. 1995) that the district court's dismissal of the complaint was reversed. And only then because the court found that "it was possible that…[the plaintiff] had not yet had an opportunity to ascertain the names of …[the] doctors" and especially because of the fact that Plaintiff was proceeding pro se. *Id.* at 5. Due to a plaintiff's pro se status, "his pleading must be construed liberally and held to a less stringent standard than those applied to pleadings drafted by attorneys. *Sheppard*, 1994 WL 53212, (citing Haines v Kerner, 404 U.s. 519, 521 (1972)).

Here, Plaintiff's reliance on *Sheppard* is unfounded because in the instant action, Plaintiff is represented by counsel and thus, does not benefit from a less stringent pleading standard. Moreover, unlike the plaintiff in *Sheppard*, in this case Plaintiff has had ample opportunity to conduct discovery. Therefore, this Court's dismissal of Plaintiff's Complaint was not clearly erroneous because Plaintiff did not provide proper notice required by the federal pleading standard.

**C. Plaintiff's allegations are too speculative to recover.**

Plaintiff has the burden of alleging "enough facts to state a claim to relief that is plausible on its face." *Limestone Development Corp. v Village of Lemont, Ill.*, 520 F.3d 797, 803-804 (7th Cir. 2008)(*citing, Bell Atlantic Corp v Twombly*, 127 S.Ct. 1955,

(1974)). "How many facts are enough will depend on the type of case" *Id.* Complaints involving complex litigation, such as antitrust and RICO, may require "a fuller set of factual allegations than found in sample complaints in the civil rules' Appendix of Forms…to show that the plaintiffs' claim is not 'largely groundless'." *Id.* In *Limestone Development Corp. v. Village of Lemont, Ill.* 520 F. 3d 797, 803 (7th Cir. 2008), the court noted its concern that a plaintiff "with a largely groundless claim…[would] simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence. (citing *Blue Chip Stamps v Manor Drug Stores*, 421 U.S. 723, 741). In determining what allegations are necessary to show that recovery is "plausible", the *Limestone* court considered the complexity of the case and "the availability of punitive damages and of attorneys' fees to the successful plaintiff." *Id.* For example, in *Bell Atlantic Corp. v Twombly*, 127 S. Ct. 1955 (2007), the court required that Plaintiff's "antitrust complaint charging an agreement between firms not to compete…contain "enough factual matter (taken as true) to suggest that an agreement was made…[noting that] an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Id.*

Similarly, in this case, Plaintiff brings a complex action against two named Defendant Officers and potentially twenty-five remaining "Unknown Defendant Officers" stating that "some or all" violated her constitutional rights, engaged in a conspiracy to injure her, and that these actions were the result of a "custom, practice and/or policy" of the City of Chicago. This action resembles an antitrust or RICO case where the defendant could be liable for punitive damages and attorneys' fees to a

successful plaintiff. Therefore, Plaintiff must provide more allegations than her "largely groundless" allegations that "one or more Defendant Officer" threw her to the ground, to show that recovery is at least "plausible".

Further, her conspiracy claim cannot survive because she failed to properly allege an underlying action and failed to properly identify the parties involved. In a analogous action, *Jafree v Barber*, 689 F.2d 640 (7th Cir. 1982), the court held that the plaintiff's complaint for a Civil Rights conspiracy action was deficient where it contained only the bald assertion that there was a conspiracy of unknown persons acting against him. The court made clear that for a conspiracy claim to be valid the allegations "must be supported by material facts, not conclusory statements" *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982)(citing *Stotnick v Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) and must indicate "the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." *Estate of Sims ex rel. Sims v County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007). Here, Plaintiff's conspiracy claim contains only conclusory statements. Therefore, this Court's dismissal of Plaintiff's Complaint was not clearly erroneous as it was consistent with *Jafree* and correctly prevented Defendants from being "put to the expense of a big-case discovery on the basis of a threadbare claim". See *Limestone*, 520 F.3d at 803.

Additionally, Plaintiff's *Monell* claim fails because, as stated by this Court, "there can be no corresponding *Monell* claim" when the plaintiff "has not provided sufficient allegations relating to any constitutional deprivations caused by specific individual officers." *Lillie Choyce v Friar, et al.*, 2008 WL 256703 (N.D. Ill. 2008).

Lastly, Plaintiff's state-law claim for indemnification against the City fails because Plaintiff has not demonstrated that she is plausibly entitled to recover against any Defendant Officer and thus, cannot recover from the City of Chicago. *See*, 745 ILCS §10/2-109. (stating "a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable").

All of Plaintiff's claims are too speculative to recover given that she cannot identify any characteristic about her alleged assailant, or if he was a Chicago police officer at all. In addition, Plaintiff has not discovered any new evidence that was not previously available to indicate who did cause her alleged constitutional violations. Therefore, this Court's dismissal of her Complaint is consistent with precedent and is not clearly erroneous.

**II. This Court should deny Plaintiff's motion for leave to file second amended complaint.**

In Plaintiff's Second Amended Complaint, she brings a claim for excessive force and a conspiracy under 28 U.S.C. 1983 against Defendant Officers in addition to a *Monell* claim and state law indemnification claim against the City. For the deficiencies cited by this Court and outlined above, the motion for leave to file a second amended complaint should be denied. A district court may deny leave to amend the complaint due to "undue delay, bad faith, or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment" *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Here, plaintiff's 2008 Complaint and her proposed Second Amended Complaint continue to contain the deficiencies this Court has directed Plaintiff to correct, despite the fact that

"the court has granted Choyce multiple extensions to identify the names of the unknown officers" and "ample opportunity to file her claim properly". *Choyce v Friar, et al.*, 2008 WL 2567037, 3-4 (N.D. Ill. 2008). After a year since the original filing of the Complaint Plaintiff's Amended Complaint is still not properly plead. Therefore, this Court should not reverse itself and permit Plaintiff to amend her Complaint due to her repeated failure to cure deficiencies.

## CONCLUSION

This Court was not clearly erroneous in dismissing Plaintiff's case. Despite the ample discovery Plaintiff failed to provide sufficient allegations to put Defendants on notice of her claims against them and failed to plausibly suggest a right to relief. Plaintiff has not presented any new evidence that this Court should reverse its previous decision to dismiss this case. Therefore, Plaintiff's motion to reconsider should be denied. In addition this Court should reaffirm the denial of Plaintiff's motion to amend her complaint due to her continued inability to cure these fatal deficiencies.

**WHEREFORE,** Defendants respectfully request that this Court deny Plaintiff's motion to reconsider and deny her motion to leave to file a second amended complaint.

Respectfully submitted,


/s/ David Selmer                                             /s/ Lindsay Kakert
DAVID N. SELMER                                         LINDSAY KAKERT
Assistant Corporation Counsel                          Law Clerk for the City of Chicago
On behalf of Mark Friar and Darrel Johnson    On behalf of Mark Friar and Darrel Johnson

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-6905
(312) 744-6566 (Fax)
Atty. No. 6283972


MARA S. GEORGES
Corporation Counsel

By:    /s/ Rita Moran
RITA MORAN
Assistant Corporation Counsel
On behalf of the City of Chicago
30 N. La Salle, Ste. 1020
Chicago, Illinois 60602
(312) 744-4939