# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIE CHOYCE,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER MARK L. FRIAR (NO. 11654),<br>OFFICER D. F. JOHNSON (NO. 7129),<br>UNKNOWN OFFICERS, and the CITY OF<br>CHICAGO,<br><br>    Defendants. | No. 08-C-202<br><br>JUDGE DER-YEGHIAYAN<br><br>MAGISTRATE JUDGE VALDEZ |

**PLAINTIFF'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO RECONSIDER**

NOW COMES the Plaintiff, by and through Horwitz, Richardson & Baker, LLC, and hereby replies to Defendants' Response to Plaintiff's Motion to Reconsider. In support thereof, Plaintiff states the following:

**I.    Plaintiff Has Already Named Two Chicago Police Officers and Her Claim Should Not be Dismissed Because It Is Properly Plead and Those Officers Can be Held Liable.**

In Plaintiff's Amended Complaint, she identified two police officers who participated in the complained of acts of throwing her down and they can be held liable. (Am. Comp., Docket No. 8). Defendants falsely state that Plaintiff has not been able to provide, "the slightest detail of whom or how many allegedly pushed her down. She has not been able to describe the number, race, height, sex, or clothing of her alleged assailant. Plaintiff cannot even state in good faith that it was a Chicago Police Officer at all who pushed her down." (Defendants' Resp., Docket No. 46, p. 7). These accusations are clearly contrary to the facts in Plaintiff's Complaint. Not only does Plaintiff describe who and how many pushed her down (at least two officers, Mark

1

Friar and Darrel Johnson), but she also can state in good faith that Chicago Police Officers were involved (Mark Friar and Darrel Johnson). (Am. Comp., Docket No. 8, ¶ 8). Moreover, Plaintiff can identify characteristics about her assailants and she can directly identify them as the individuals named in her lawsuit (Mark Friar and Darrel Johnson). (Am. Comp., Docket No. 8). The named Defendants should not be relieved from liability merely because Plaintiff has yet to discover the *name* of any more individuals that pushed her down, failed to intervene in the force used, and engaged in a conspiracy to cover-up the misconduct. Even without naming any more of the unknown Defendants, the two named police officers can still be liable for their wrongful acts.

Furthermore, the existence of "unknown officers" in a Complaint is not fatal to a plaintiff's cause of action. In *Maclin v. Paulson*, 627 F.2d 83 (7th Cir. 1980), the Seventh Circuit reversed the District Court's dismissal of the claims against the John Doe Officers, and held that "when, as here, a party is ignorant of defendants' true identity, it is unnecessary to name them *until their identity can be learned through discovery* or through the aid of the trial court." *Id.* at 87 (emphasis added). In *Aviles v. Village of Bedford Park*, 160 F.R.D. 565 (N.D.Ill. 1995), the court explained how *Bivens v. Six Unkown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), in which the Supreme Court allowed a federal civil rights to proceed despite that it originally was filed against only unnamed defendants indicates that a Plaintiff's claim against unknown defendants is viable (for the purpose of subject matter jurisdiction) and should be allowed to proceed. *Id.* at 566-67. The court noted that that defendant village's argument that claims against John Doe defendants fail to state a claim was expressly rejected by the Seventh Circuit in *Maclin*, 627 F.2d at 87. *Aviles*, 160 F.R.D. at 567, FN 2. *See also Does v. County of Kankakee*, 2004 WL 1557970, *3 (N.D.Ill. 2004) (in which the Court proscribed the

use of additional unknown officers without allegations as to what those other officers did, but allowed for further amendment to add any additional officers if evidence develops during discovery). *Cf Beal v. City of Chicago*, 2007 WL 1029364, *14 (N.D.Ill. 2007) (wherein claims against Defendants Doe and Roe were dismissed for failure to name specific defendants *prior to the statue of limitations*, but the City of Chicago could still be liable under *respondeat superior* or for indemnification). Plaintiff has stated a viable cause of action against named officers Mark Friar and Darrel Johnson, as well as unknown officers and the City of Chicago.[1]

Plaintiff respectfully submits that this Court made an error of law when it determined that Plaintiff did not state the alleged role of the two named Defendant Officers in Plaintiff's cause of action. (Memorandum Opinion, Docket No. 31, p. 8). Plaintiff has specifically named these officers for their role in depriving Plaintiff of her constitutional rights, i.e. "Plaintiff was present at the scene of an altercation in which she was not involved when she was thrown down to the ground by one or more of the DEFENDANT OFFICERS [including Officers Friar and Johnson]." (Am. Comp., Docket No. 8, ¶ 4.) The fact that there may be one or two more officers, to be named later, that also participated in the acts complained of, does not make Plaintiff's claims any less significant. Naming Mark Friar and Darrel Johnson along with Unknown Defendant Officers is not fatal to her claim, and as such, Plaintiff's Complaint should not have been dismissed. *Maclin*, 627 F.2d at 87.

## II. Defendants Hindered Plaintiff from Amending Her Complaint to Include Additional Officers.

In Plaintiff's 2007 case, Plaintiff attempted to comply with this Court's ordered date to name the unknown officers. (Order 07 C 1790, Docket No. 16). This Court limited Plaintiff to

---

[1] *Monell* liability can be asserted if a police officer's wrongful conduct is pursuant to a custom, practice, or policy of a municipality. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036 (1977).

3

engaging in informal discovery to the extent necessary to ascertain the names of the officers. (Order 07 C 1790, Docket No. 16). Informal discovery, however, led the parties no closer to naming the unknown officers due to the City's lack of cooperation and the Plaintiff's case was ultimately dismissed (Order 07 C 1790, Docket No. 41) when Plaintiff named all 27 officers in order to preserve her potential claims.

Plaintiff subsequently filed the instant action against the two officers she knew participated in injuring her and moved forward on her own volition with quickly attempting to name the Unknown Defendant Officers. (Am. Comp., Docket No. 8). Issuing requests to admit was the surest way Plaintiff could narrow the twenty-seven officers on the scene down to those who threw Plaintiff to the ground or failed to intervene in the act of force. Defense counsel avoided answering the requests to admit while also conceding that officers refuse to state who touched Plaintiff.

Defendants are attempting to distract the Court from the real issue: they have failed to respond to discovery that this Court ordered them to engage in. (*See* Mot. to Reconsider, Docket No. 44, p. 2-6). Plaintiffs have requested more than enough information in an effort to ascertain the names of the additional individual officers who violated Plaintiff's constitutional rights. (Mot. to Reconsider, Docket No. 44, p. 2-6). Defendants have refused to provide meaningful responses within the time periods set forth by the Federal Rules of Civil Procedure. If Defendants had responded to Plaintiff's Request to Admit, then Plaintiff would have been able to amend her Complaint to include any additionally named officers who engaged in injuring Plaintiff, failing to intervene, and conspiring against Plaintiff. Plaintiff, Lillie Choyce, was assaulted by Chicago Police Officers during an incident in which her son was arrested. Ms. Choyce left the scene with a severely injured knee and subsequently incurred approximately

4

$95,000.00 in medical bills for *inter alia*, knee surgery.  Defendants should not be permitted to avoid answering discovery and identifying the officers who caused Plaintiff's injuries.

Defendants incorrectly maintain that they should not be forced to answer discovery by this Court because Plaintiff inappropriately utilized Rule 36, Federal Rules of Civil Procedure, to identify the names of the Unknown Defendant Officers.  (Defendants' Resp., Docket No. 46, p. 9).  In support, Defendants cite to *Sommerfield v. City of Chicago*, 2008 WL 2791871 (N.D. IL 2008), which is not remotely analogous to this case.  (Defendants' Resp., Docket No. 46, p. 9).  The parties in *Sommerfield* had already engaged in formal discovery and after discovery closed, the plaintiffs sought to add new counts.  *Sommerfield*, 2008 WL 2791871 at *2.  The plaintiffs promised the court that this would not require the re-opening of discovery, and then subsequently sought to admit 234 separate requests.  *Id.* at *1-2.  The court noted that the requests were regarding several hotly contested issues and an attempt to reaffirm statements made in depositions and denied several of the requests.  *Id.* at *2-3.  In the present case, the Plaintiff issued requests to admit, merely to obtain the names of the Unknown Defendant Officers.  Furthermore, previously, the parties directed to participate in discovery for the specific purpose of identifying the names of the Unknown Defendant Officers.  (Order 07 C 1790, Docket No. 16).  Finally, Plaintiff did not ask any questions outside of the inquiries previously permitted by this Court (officer identification).  (Order 07 C 1790, Docket No. 16; Mot. to Reconsider, Docket No. 44, p. 7).  Therefore, *Sommerfield* is not controlling and Plaintiff properly sought Defendants' Answers to the Requests to Admit.

This Court permitted Plaintiff to engage in limited discovery for the purpose of naming the Unknown Defendant Officers.  (Order 07 C 1790, Docket No. 16).  Defendants refused to answer who came into contact with Plaintiff on the date of incident.  (Mot. to Reconsider,

5

Docket No. 44, p. 2-6). Although they tendered documents piecemeal in response to Plaintiff's repeated requests, the documents ultimately provided nothing further than a list of officers present at the scene – they did not specify who came into contact with Plaintiff. No police report was provided regarding the use of force upon the civilian Plaintiff Ms. Choyce. Plaintiff then sought to obtain the information through requests to admit. But the City again avoided providing Plaintiff the necessary information to name specific officers. By obtaining an extension to respond to the Plaintiff's Request to Admit, they avoided answering prior to the Court's ruling on their Motion to Dismiss, sealing Plaintiff's fate as far as her inability to be more precise in naming the Defendant officers. (Mot. to Reconsider, Docket No. 44, p. 8).

**III.    Defendants Are Attempting to Hold Plaintiff to a Higher Pleading Standard than that Required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

Plaintiff has properly stated in her Amended Complaint all that is required by the federal pleading standard. On a motion to dismiss, the Court must accept all well-pleaded allegations in the plaintiff's complaint as true. Fed.R.Civ.P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). Under this notice pleading standard, plaintiff need not plead facts or legal theories. *Hefferman v. Bass,* 467 F.3d 596, 599 (7th Cir. 2006) (citing cases). Defendants, however, are attempting to subject Plaintiff to a heightened pleading standard than that which is required by the law.

6

Defendants incorrectly contend in their Response to Plaintiff's Motion to Reconsider that Plaintiff has failed to identify any of the officers who violated her constitutional rights. (Defendants' Resp., Docket No. 46, p. 7). Such contention is clearly incorrect and proven to the contrary simply by looking at the caption of Plaintiff's Complaint. (Am. Comp., Docket No. 8). Plaintiff has asserted a claim against *at least* two named officers, Defendants Mark Friar and Darrel Johnson. (Am. Comp., Docket No. 8). Additionally, Plaintiff has named the Unknown Defendant Officers to put the Defendants on notice that Plaintiff is seeking the identity of the other officers involved in the altercation, and when identified, they will also be specifically named in Plaintiff's Complaint. (Am. Comp., Docket No. 8). It was an error of law for this Court to hold that the identities of the each and every officer were necessary to put the Defendants on notice of Plaintiff's claims, *even though* Plaintiff had already specifically named two Defendant officers and their employer the City of Chicago.

Defendants' objection to Plaintiff stating that "some or all" of the Defendant Officers engaged in the complained of conduct is not relevant.[2] (Defendants' Resp., Docket No. 46, p. 10). Plaintiff is not required to state with specificity each and every act executed by each and every single officer. *See Higgs,* 286 F.3d at 439. Additionally, Plaintiff is not required to distinguish between the acts performed by Mark Friar, Darrel Johnson, any of the Unknown Officers, or all of the Unknown Officers. *See Hefferman,* 467 F.3d at 599. The only inquiry at this point in the litigation is whether Defendants were put on *notice* of Plaintiff's cause of action.

---

[2] Moreover, Plaintiff's counsel would be violating Rule 11, Federal Rules of Civil Procedure, if they *did not* state that there were additional officers who engaged in the wrongful conduct as alleged in Plaintiff's Complaint. Plaintiff has communicated that there were at least one or two more officers, in addition to the named Defendants, who participated in throwing Plaintiff to the ground, failing to intervene, and/or subsequently conspiring to hide these actions. Alleging that there were *only* the named Defendant Officers who engaged in this conduct would not be complete, truthful, or ethical under the rules. Fed.R.Civ.P. 11.

Furthermore, Defendants incorrectly argue that Plaintiff has not included any specific allegations in her Complaint. (Defendants' Resp., Docket No. 46, p. 10). Plaintiff has met the pleading standard by stating that the conduct the Defendant Officers resulted in a violation of Plaintiff's rights. Plaintiff states in her Complaint, among other things, that she was thrown on the ground by the Defendant Officers, that the Defendant Officers conspired to injure Plaintiff by collectively using excessive force, failing to intervene in the use of excessive force, agreeing not to report each other, and generating false documentation to cover-up for their own and each other's conduct. (Am. Comp., Docket No. 8, ¶¶ 4-10). These allegations are indeed specific and more than meet the pleading standard set forth by Rule 8.

Finally, Defendants also erroneously insist that Plaintiff's cause of action is too complex to rely on the "vague allegations" made in Plaintiff's Amended Complaint. Defendants reference *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1995 (2007), to stand for their proposition that a complex case must contain more factual allegations to show that the Complaint is not largely groundless. (Response, p. 12). Like all of the cases cited in Defendants' Response, the facts of *Bell Atlantic* are also not applicable to Plaintiff's facts. As Defendants admit, *Bell Atlantic* involves a complex antitrust case. (Response, p. 12). An antitrust action far surpasses an excessive force case (wherein a person was thrown to the ground by police officers and subsequently suffered severe injury) in complexity of legal issues and discovery. The only similarities that Defendants argue exist in *Bell Atlantic* and the present case are that they both seek the same damages: punitive damages and attorneys' fees. (Response, p. 12). However, similarities between damages sought are not enough to support Defendants' contention that Plaintiff's cause of action is also complex and subject to a higher pleading standard. The higher pleading standard, an *exception* to the notice pleading standard required in federal courts, applies

8

only to specific types of case, such as antitrust or fraud, to avoid extensive, expensive discovery and *in terrorem* settlement tactics and meet certain special notice requirements. *See Bell* at 1959; *Hefferman,* 467 F .3d at 599. Furthermore, the Supreme Court has ruled that federal courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Given that a § 1983 municipal liability (*Monell*) case is more complex than a straightforward excessive force case (like the one *sub judice*), it follows that there is no heightened pleading standard for the instant case.

Plaintiff has stated sufficient facts regarding the police misconduct she suffered to survive a Rule 12(b)(6) Motion to Dismiss. She is not filing a case on suspicion – she included the names of officers that she knows to be involved in the altercation, and has named claims against some or all of the Defendant Officers. Furthermore, Plaintiff's case is not complex; therefore, she is not required to include any more factual allegations than those that are already stated. Plaintiff's Complaint, in its entirety, places the Defendant Officers and the City of Chicago on notice of Plaintiff's claims. It was an error of law for this Court to hold Plaintiff to any higher pleading standard than that which she has met.

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests this Honorable Court to reconsider its June 24, 2008 Order dismissing Plaintiff's Amended Complaint and order any other such relief as this Court deems fit and just.

                                                s/ Amanda S. Yarusso
                                                Amanda S. Yarusso, Attorney for Plaintiff

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076